IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP,                    )
                                    )
                    Petitioner,     )
                                    )
v.                                  )       No. CIV-08-326-HE
                                    )
MARTY SIRMONS, Warden,              )
Oklahoma State Penitentiary,        )
                                    )
                    Respondent.     )


**O R D E R**

To achieve greater uniformity in the treatment of federal habeas death penalty cases in this district and to inform counsel in advance of the Court's expectations, the Court establishes the following procedures.


GENERAL PROCEDURES

1.   Counsel shall obtain a complete copy of the record on appeal within thirty (30) days of the date counsel is appointed. Although the Court does not usually assist directly in obtaining the transcript, counsel should report any delays to the Court so that the Court is fully aware of any obstacles encountered.

2.   Counsel shall have conducted a preliminary review of the record and prior court opinions before the case management/litigation budget conference. This initial review will allow counsel to meaningfully confer with the Court at the conference regarding what counsel anticipates will be required in terms of time and expense in the case. Counsel shall prepare and deliver a preliminary litigation budget to the chambers of

Magistrate Judge Gary M. Purcell three (3) days prior to the litigation budget conference and a revised litigation budget within twenty (20) days after the conference.  The submitted budget, which will be considered *ex parte*, shall set forth counsel's projected cost estimates for time to be expended in review of the record, investigation of claims, consultation with experts and investigators, client interviews, legal research, preparation of the Petition and Reply, and any other compensable activities undertaken in this matter.  If counsel anticipates that any investigatory funds will be needed, an initial request for investigative funds should be filed as soon as possible, and under no circumstances later than the filing of the Petition.  An early request for investigative funds shall not preclude counsel from requesting an additional or supplemental allotment of funds.

3.   All requests for expert or investigative funds shall identify all prior requests for such funds made in either this Court or in state court.  Counsel should include a statement identifying the type of services previously sought, the amount of money and time sought to be approved, and a statement of how much was in fact approved by the court.  If any expert or investigative funds have previously been approved by any court, counsel should detail the course of the investigation (counsel need not disclose the actual results) and affirm that previously authorized funds have been (or will be) exhausted.  Counsel should also identify why the previous budget proved to be inadequate and whether the currently requested budget is anticipated to be a preliminary

request, an interim request, or final as to the item addressed.

4.   A request for funds to hire an expert witness shall separately identify each type of expert witness counsel seeks to hire.  The request shall identify the subject matter to be covered by the expert, briefly explain why an expert is needed, and provide a specific time budget identifying the amount of time the expert anticipates spending on each portion of the investigation or analysis.  In explaining why an expert is needed, counsel should address both the facts indicating that further analysis is justified and the reason an <u>expert</u> witness is needed to interpret those facts.  Counsel are strongly encouraged to contact proposed expert witnesses before submitting a request so that they may inform the Court of the actual billing rate being requested and the proposed expert's credentials and experience.

5.   Requests for an investigator shall include a specification of the factual issues counsel intends to investigate, the facts suggesting that such an investigation is warranted, and an estimated time budget for each task.  The time budget should be broken down into discrete portions of the investigation so that the Court may assess the reasonableness of each request.

6.   Along with any application for funds for an investigator or expert witness, counsel shall file a proposed order.  The proposed order shall separately list each expert witness and investigator sought to be hired and identify the proposed billing rate and the total amount of funds requested for that investigator or expert.

3

7.   Pursuant to 21 U.S.C. § 848(q)(9), an application for investigative funds shall, upon a proper showing of the need for confidentiality, be filed under seal.   Any proceeding, communication, or request regarding the need for confidentiality shall be transcribed and made a part of the record available for appellate review.   21 U.S.C. § 848(q)(9).   Counsel shall give notice to Respondent that a request for investigative funds has been filed and that a request for filing under seal has been made.

The Court establishes these guidelines as the minimum standards required of counsel.   Compliance with the above provisions shall not entitle counsel to the funds requested.   Upon review of any request, the Court may require further elaboration or compliance with different standards.   The Court retains the discretion to deny a request for funding based on counsel's failure to comply with any of the above provisions.   The Court also retains the discretion to overlook any such digressions if the interests of justice so require and to nonetheless insist upon strict compliance in other portions of the same application or in the future.

PAYMENT STANDARDS

To help achieve greater uniformity in the payment of fees and expenses in federal habeas death penalty cases in this district and to facilitate the processing of CJA vouchers submitted in these cases, the Court establishes the following standards and procedures.

4

BILLING RATES

Counsel named and appointed by the Court as either first or second counsel, if a member of the Special Death Penalty Habeas Corpus Panel, will be compensated at the rate established by statute.

1.    Any attorney assisting first or second counsel will be compensated at a rate commensurate with the counsel's expertise and experience in death penalty litigation up to a maximum rate established by statute.

2.    The Court will approve the use of paralegals, law clerks, and law students.  However, the billing rates for such individuals will be determined on a case-by-case basis.  Any application for permission to bill for the services of such individuals shall identify and justify the proposed billing rate.


NONCOMPENSABLE SERVICES

3.    The Court will not pay for clerical, secretarial, or word processing services--regardless of whether the person performing the functions is an attorney, law clerk, paralegal or secretary and regardless of whether that person is regularly or specially employed, performing normal, overtime, or supplemental work, and even if counsel has no regularly employed secretary.

4.    This Court will not compensate counsel for work done on appeals (whether from interlocutory orders or final judgments) or other work related to the review of proceedings before this Court. Counsel are to seek compensation for work done at the appellate

level from the Court of Appeals after having obtained an appointment as counsel of record from that court.

     5. This Court will not compensate counsel for work related to state court proceedings.

     6. The Court will not compensate counsel for work related to the preparation or submission of billing statements.


INTERIM PAYMENTS & PROCEDURES

     7. Counsel are hereby authorized to receive interim payment of compensation. Submissions should be made on a bimonthly basis. The first billing period should conclude no later than the second full month after appointment, with subsequent billing periods covering every two months thereafter. Requests for payment of attorneys' fees should be submitted within a reasonable time after the close of each billing period.

     8. Counsel shall submit a completed CJA Form 30, <u>Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel</u>, with every billing statement. Counsel should not submit a proposed order authorizing payment of attorneys' fees in addition to the CJA Form 30. Counsel shall submit an original and one copy of all documents, along with the completed CJA Form 30, directly to the office of the Federal Public Defender. The Clerk's office has been instructed that all requests for payment and amounts paid for attorneys' fees, including CJA Forms 30 and billing statements, will be filed under seal. Counsel, however, must provide these documents in appropriately-labeled envelopes.

Counsel should not file a separate application to file these documents under seal. After the disposition of the petition, these documents and the amounts paid for attorneys' fees shall be disclosed to the public.

9.    Billing statements shall specifically describe the work performed, by whom, and the time allotted to each specific task. Descriptions should not be vague or general.  Time entries should relate to specific individual tasks, and not simply list multiple tasks performed in a specified block of time.  For example, work related to witnesses or other people should identify those people by name and, if necessary, identify their relevance to the case; work related to obtaining or reviewing documents should identify the documents or source of the documents; legal research should identify the topic being researched.

10.   All submissions for paralegals, law clerks, experts, and investigators must be made on a CJA Form 31, and not listed as expenses on a CJA Form 30.   All CJA Form 31 submissions must include a copy of the order authorizing employment of the person whose services are being billed.   The Clerk's office has been instructed that all requests for payment and amounts paid for these services, including CJA Forms 31 and billing statements, will be filed under seal.  Counsel, however, must provide these documents in appropriately-labeled envelopes.   Counsel should not file a separate application to file these documents under seal.  After the disposition of the petition, these documents and the amounts paid for these services shall be disclosed to the public.

7

REIMBURSABLE EXPENSES

11.   Case-related travel by privately owned automobile should be claimed at the rate then in effect for federal judiciary employees.  The Court will also reimburse case-related parking fees and bridge/road tolls.

12.   The Court will reimburse for the actual and reasonable cost of food and lodging while traveling on case-related business outside of a 100-mile radius of the traveler's office.

13.   In determining the reasonableness of travel costs, the Court will be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations.  Counsel may contact the District Court Clerk's Office for those guidelines.

14.   The Court will reimburse for the actual cost of case-related long-distance telephone calls.  The Court will not pay for any surcharges or for general telephone service.

15.   The Court will reimburse the actual out-of-pocket expenses incurred in sending and receiving facsimiles.

16.   Counsel will be reimbursed for the actual out-of-pocket expenses incurred in photocopying up to a maximum of 10¢ per page.  This rate applies both to in-house and outside photocopying.  Counsel will be expected to have large photocopy jobs sent to an outside photocopy service unless counsel's in-house photocopying is more economically efficient.  In extraordinary circumstances, upon a prior showing of good cause, the Court may authorize the employment of a photocopy service with a billing rate that exceeds

8

10¢ per page.  In any such application, counsel should explain the need for the extraordinary services and why the higher rate is justified and reasonable.

17.  The Court will reimburse for the actual cost of case-related regular U.S. postage.  The Court will reimburse for the actual cost of other postal services or the use of non-federal carriers (such as overnight or two-day delivery) only if circumstances require the use of such services.  The Court, for example, will not reimburse for expedited delivery costs for routine correspondence, including submission of CJA vouchers or court documents that are not filed pursuant to a deadline.  Counsel are to make every effort to use regular U.S. mail whenever possible.  Excessive use of overnight carriers or other circumstances may prompt the Court to modify the provisions of this paragraph.

18.  The Court will not reimburse for messenger or attorney service without valid justification for the use of such services.

19.  In the event that transcripts are required, counsel should arrange with the court reporter(s) to bill the Court directly through use of a CJA Form 24.  In the event counsel pays for the transcript, the costs will be reimbursed.  However, payment should be claimed through a CJA Form 24.  Counsel shall not include the cost of transcripts as an out-of-pocket expense on a CJA Form 30.

20.  The Court will reimburse the cost of computer-assisted legal research provided the total cost of the computer-assisted

research does not exceed the total amount of attorney compensation
that would have been billed had the research been performed
manually.   When requesting reimbursement for computer-assisted
research, counsel should provide the following documentation:

    a)    a brief statement setting forth the issue or issues that were the subject matter of the research;

    b)    an estimate of the number of attorney hours that would have been required to do the research manually;

    c)    a copy of the bill and receipt for the use of the equipment or an explanation of the precise basis for the charge; and

    d)    if printing charges were incurred, an explanation of why such services were used.

NONREIMBURSABLE EXPENSES

    21.   The Court will not reimburse counsel for the following
expenditures:

    a)    general office overhead;

    b)    books, journals, or other publications;

    c)    general law office supplies;

    d)    costs related to educational seminars, including travel, attendance, registration, or materials.

MISCELLANEOUS

    22.   Any expenditures over $300, other than travel to Oklahoma
State Penitentiary, and not otherwise covered by this Order must be
authorized in advance by the Court.   Upon a finding that timely
procurement of such goods or services could not practically await
prior authorization, in the interests of justice, the Court may

authorize the provision of and payment for such goods or services nunc pro tunc.

23.   Counsel may be required to provide further documentation substantiating the fees or expenses claimed, or to submit a declaration under the penalty of perjury detailing counsel's compliance with the standards and procedures established herein.

24.   Upon a showing of good cause, the Court may exempt counsel from one or more of the above requirements.   However, counsel must seek any exemption or deviation from the above rules in advance of billing the item in question.

IT IS SO ORDERED this __3rd__ day of ____April, 2008.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE