IN THE DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-08-326-HE |
| ) | |
| MARTY SIRMONS, Warden ) | |
| Oklahoma State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

## MOTION TO PERMIT DISCOVERY

COMES NOW the Petitioner, Richard Glossip and moves the court for an order permitting production of certain documents.

1. This motion is made pursuant to *Rule 6, Section 2254 Rules and Forms effective December 1, 2004*:

   "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."

2. In Petitioner's trial, the state posted approximately a dozen large posters which were created contemporaneously with witnesses' testimony. The record reflects that these posters were on display, over objection of the Petitioner throughout the trial. These posters were characterized by both trial counsel and state appellate counsel as a running closing argument. It was also alleged that these posters effectively violated the rule against

1

sequestration as later witnesses could view these summaries during their subsequent testimony.

3. The trial court refused Petitioner's request to permit the posters to be included in the record for purposes of appeal. This conviction and sentence were affirmed by the Oklahoma Court of Criminal Appeals by a vote of three to two. The affirming majority considered the proposition regarding the failure to include the posters in the record. It said: "If a trial court is going to allow these types of demonstrative aids during trial, the trial court shall assume the responsibility of insuring that these aids are made a part of the record, as court's exhibits, when asked. The total recalcitrance of the trial court to allow a record to be made creates error in itself." *Glossip vs. State* 157 P. 3d 143, 2007 OK CR 12 (2007).

The court then concluded that the failure to include these posters was harmless error.

As suggested above, this issue closely divided the court. The dissent concluded in part: "...I find that the trial court's decision, over defense objection, to allow the State to post summaries of witness testimony throughout the courtroom and to leave these demonstrative exhibits visible to jurors and later witnesses, from the time they were first crafted until the conclusion of the first stage of Glossip's trial, was an abuse of discretion. I also find that the trial court's denial of defense counsel's clear and reasonable request to allow these exhibits to be either preserved intact or digitally photographed, for review by this court, was likewise an abuse of discretion. The trial court's actions in this regard were totally unjustified and prejudiced Glossip's right to a fair trial and an informed consideration of his claims on appeal." *Glossip,* at 31.

4. The posters have never been obtained by any lawyer for the Petitioner. It is anticipated that this issue will be a critical part of the Petitioner's effort to obtain relief from this court.

On August 14, 2008, the undersigned counsel contacted Assistant Attorney General Seth Branham to request an opportunity to view the posters. Mr. Branham advised that the posters were in the possession of the Oklahoma County District Attorney's office and that he would advise of the state's position regarding the production of the posters. On August

15, 2008, Mr. Branham stated that he had spoken with Assistant District Attorney Gary Ackerly, one of the trial prosecutors, and that the state would not voluntarily permit Petitioner's lawyers to view or copy the posters.

5. It will be impossible effectively and truthfully to develop this proposition without viewing the posters. It will be impossible for this court to review this claim for error which might merit a new trial or a new appeal without this court actually viewing the items which have been the subject of considerable litigation at the state level.

THEREFORE, the Petitioner requests that the court issue and order requiring the Respondent to permit counsel for the Petitioner to view all posters used by the state during the trial of this case and to make digital copies of same.

                HENRICKSEN & HENRICKSEN
                LAWYERS, INC.

By:  s/Mark Henricksen
      MARK HENRICKSEN, OBA #4102

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Seth Branham, Esq.
Assistant Attorney General
313 NE 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921 (405) 522-4532 Fax
fhc.docket@oag.state.ok.us

s/Mark Henricksen
MARK HENRICKSEN

HENRICKSEN & HENRICKSEN
LAWYERS, INC.
600 N. Walker, Suite 220
Oklahoma City, Oklahoma 73102
(405) 609-1970 (405) 609-1973 Fax
mark.henricksen@coxinet.net

4