# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-08-326-HE |
| ) | |
| MARTY SIRMONS, Warden, ) | |
| Oklahoma State Penitentiary, ) | |
| ) | |
| Respondent. ) | |

## RESPONSE IN OPPOSITION TO PETITIONER'S
## MOTION FOR PRE-PETITION DISCOVERY
## AND BRIEF IN SUPPORT

COMES NOW the Respondent, Marty Sirmons, Warden, Oklahoma State Penitentiary, by and through Seth S. Branham, Assistant Attorney General, and provides the following response in opposition to Petitioner's *Motion to Permit Discovery* (Doc. 18) filed with this Court on August 22, 2008.

**I**

Petitioner, an Oklahoma death row inmate, was convicted in the District Court of Oklahoma County for the first degree murder of his employer, Barry Van Treese, and was sentenced to death. The OCCA affirmed on direct appeal, *Glossip v. State*, 157 P.3d 143 (Okla. Crim. App. 2007), and denied state post-conviction relief. *Glossip v. State*, No. PCD-2004-978 (Okla. Crim. App. Dec. 06, 2007) (unpublished). The Supreme Court thereafter denied certiorari review. *Glossip v. Oklahoma*, __U.S.__, 128 S. Ct. 1124 (2008). Petitioner was appointed habeas counsel to facilitate the preparation and filing of a § 2254 petition with this Court. Docs. 5 & 10. After a scheduling conference before a

magistrate, Petitioner was ordered to file his § 2254 petition by November 1, 2008. Additionally, any discovery requests by Petitioner were also ordered to be filed by November 1, 2008. Docs. 12 & 13.

On August 22, 2008, Petitioner filed a pleading entitled *Motion to Permit Discovery* which seeks an "order requiring the Respondent to permit counsel for the Petitioner" to view and photograph certain demonstrative exhibits used by the prosecution at Petitioner's trial.[1] These demonstrative exhibits consist of poster-sized pad sheets on which the prosecution wrote portions of testimony in response to witness statements from the stand. Both the prosecution and defense utilized such posters. The OCCA found on direct appeal that "[t]he record is not clear whether these pads stayed up during the entire trial" and that, in viewing the entire record, "we cannot say that the posters affected the outcome of this trial" as both parties resorted to these posters and "[t]here is no argument that the posters did not contain factual information." *Glossip*, 157 P.3d at 155-56.

It should also be noted that while the prosecution retained the demonstrative exhibits it used at trial, Petitioner informed the OCCA at oral argument on direct appeal that the defense posters were apparently not retained and are no longer in Petitioner's possession. *Id.* at 170 n.27 (Chapel, J., dissenting). Further, the OCCA denied Petitioner's request to order the State to supplement the record on direct appeal with the

---

[1] The demonstrative exhibits at issue are in possession of the Oklahoma County District Attorney's Office, not Respondent or undersigned counsel.

osters in its possession, finding that "inclusion of the demonstrative exhibits would not affect our decision in this case." *Id.* at 155 n.8.

Citing only sub-part (b) of Rule 6, *Rules Governing Section 2254 Cases*, Petitioner argues here that the requested discovery is necessary because it "will be a critical part of the Petitioner's effort to obtain relief from this court", "[i]t will be impossible effectively and truthfully to develop this proposition without viewing the posters" and "[i]t will be impossible for this court to review this claim for error...without this court actually viewing the items which have been the subject of considerable litigation at the state level." Doc. 18.

## II

Petitioner has yet to file his § 2254 petition with this Court. As such, his request amounts to a motion for pre-petition discovery which is not authorized under federal law. *Calderon v. United States District Court for the Northern District of California (Hill)*, 120 F.3d 927, 927-28 (9th Cir. 1997); *Calderon v. United States District Court for the Northern District of California (Nicolaus)*, 98 F.3d 1102, 1106-07 (9th Cir. 1996); *Orbe v. True*, 201 F. Supp. 2d 671, 677-81 (E.D. Va. 2002). Pre-petition discovery is impermissible for several reasons.

First, "a prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery." *Calderon*, 98 F.3d at 1106. A habeas petitioner is only entitled to discovery upon a showing of "good cause", *Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999), and that presupposes specific, exhausted

allegations before the court within a § 2254 petition. This Court does not even have the state court record before it at this time, let alone Petitioner's claims challenging his state conviction and sentence, that would allow it to assess the merits of Petitioner's discovery request. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1999) (noting *Harris v. Nelson*, 394 U.S. 286, 300 (1969) held "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry" and that Habeas Corpus Rule 6 was designed to be consistent with *Harris*).

Second, Rule 6 discovery itself "is limited to 'the processes of discovery available under the Federal Rules of Civil Procedure' and, with one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery." *Calderon*, 98 F.3d at 1106. *See also Orbe*, 201 F. Supp. 2d at 678. Because this is not a case where Petitioner seeks to perpetuate testimony by means of a deposition, *see* Fed. R. Civ. P. 27(a), his position is no different than any other civil litigant in federal court: "civil litigants cannot commence discovery until the plaintiff has filed a complaint." *Orbe*, 201 F. Supp. 2d at 678. This conclusion is consistent with 28 U.S.C. § 2246's explicit command in the habeas statute that evidence may be taken "[o]n application for a writ of habeas corpus", *id.* at 680, and the Supreme Court's holding that "a habeas suit begins with the filing of an application for habeas corpus relief–the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). *See also*

4

*Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("for purposes of § 2244(b) an 'application' for habeas corpus relief is a filing that contains one or more 'claims[ ]'" and that a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction"); *Orbe*, 201 F. Supp. 2d at 679 ("[a] habeas proceeding is generally commenced by the filing of a habeas petition"). Because Petitioner has yet to file his habeas petition with this Court, he has not commenced habeas proceedings for purposes of obtaining discovery or any other procedural or substantive relief. Thus, the requested relief is not proper.

Third, merely because this Court has authority under *McFarland v. Scott*, 512 U.S. 849 (1994) to appoint counsel to assist Petitioner with filing his § 2254 petition, that does not mean he is also entitled to pre-petition discovery. "*MacFarland* held that a motion for appointment of counsel and a stay of execution commences a capital habeas proceeding only for *those limited purposes*." *Orbe*, 201 F. Supp. 2d at 679 (citing *MacFarland*, 512 U.S. at 859). The Supreme Court reasoned in *MacFarland* that the right to appointed counsel, bestowed by federal statute, would be meaningless unless it attaches before the filing of a habeas petition and unless it implicates a district court's ability to stay the prisoner's execution. "Significantly, however, *MacFarland* neither holds nor suggests that a capital habeas proceeding is commenced for all purposes by the filing of a motion for appointment of counsel and a stay of execution." *Id.* at 678-80. Indeed, the Supreme Court has rejected just such a proposition. *Garceau*, 538 U.S. at 208-09 (rejecting habeas petitioner's argument that *MacFarland* informs whether

5

AEDPA applies to petition filed after Act's effective date but where order appointing counsel and staying execution were filed prior to Act's effective date and finding AEDPA applies to such a claim).

### III

The meritless nature of Petitioner's current motion, and conversely, the correctness of the above argument and authority, are most evident when one considers the factual context in which the instant request for discovery arises.  Here, Petitioner seeks disclosure from the State of demonstrative exhibits that were generated in response to witness testimony in open court.  There is no dispute that: (1) the posters were based upon, and reflected, accurate witness testimony; (2) both the prosecution and the defense resorted to use of such demonstrative exhibits; (3) Petitioner's trial counsel had full view of these posters at trial; (4) the defense posters were not retained by Petitioner's counsel after trial; (5) no photographic record exists to show how the various exhibits were displayed in the courtroom at trial; (6) Petitioner advanced claims of error on direct appeal to his conviction, based on the demonstrative exhibits and the alleged lack of record surrounding them; and (7) the OCCA majority ruled that it did not need to see the demonstrative exhibits in order to adjudicate this claim.  *Glossip*, 157 P.3d at 155-56; *id.* at 170 (Chapel, J., dissenting).

Absent an opportunity to review Petitioner's specific federal challenges, as well as the accompanying state court record supporting them, this Court will be unable to assess whether Petitioner has shown "good cause" to warrant discovery.  Even the dissent on

6

direct appeal acknowledged that "[s]ometimes the record is quite clear about what is being written" on the demonstrative exhibits, *id.* at 168 n. 21, although both the dissent and the majority criticized the prosecutor's and trial judge's observation that the record was clear as to what was contained on the demonstrative exhibits. *Id.* at 155; *id.* at 169 (Chapel, J., dissenting). The majority pointed out, however, that "the only way to determine what was on the posters, *in toto*, is to search the record and note where it appears that the prosecutor was writing on the note pad." *Id.* at 156.

That is precisely what the State will do on habeas, just as it did in responding to this claim on direct appeal. And that is what this Court must do both in screening Petitioner's request for discovery and in determining whether habeas relief itself is warranted. But this Court cannot perform that function without the state court record and, at the least, the benefit of Petitioner's specific challenges of constitutional error attacking the State's use of these demonstrative exhibits. Hence, from a practical perspective–separate and apart from the legalities prohibiting the requested relief-- Petitioner's motion for pre-petition discovery should be denied.

As for Petitioner's claim that he will be unable to develop fully this claim without the posters, the State would point out that Petitioner's direct appeal counsel somehow managed to present alleged errors based on the demonstrative exhibits and state of the record. Petitioner's habeas counsel can no doubt do the same. *Orbe*, 201 F. Supp. 2d at 680 ("[a]ppointed habeas counsel in all cases can adequately perform their function without prepetition discovery"). Indeed, the alleged absence of an adequate record was

one of the asserted errors upon which Petitioner sought relief on direct review. *Glossip*, 157 P.3d at 155 ("Glossip also claims that the trial court erred in refusing to include the posters as part of the trial record"). In this sense, the posters themselves are not necessary, or even helpful, in presenting Petitioner's future constitutional claims to this Court. That is especially so considering that the OCCA majority indicated that it could resolve this issue based solely on the existing trial record.

"Prisoners, such as [Petitioner], who come to federal court after having been denied [ ] relief by the highest court of a state, may file a federal habeas petition that raises the same issues contained in their state [ ] proceedings. Here, [Petitioner] could have done that, but has not." *Calderon*, 98 F.3d at 1107. *See also* 28 U.S.C. § 2254(b)(1)(A). The danger of a request for pre-petition discovery is that it becomes "a thinly veiled attempt to justify fishing expeditions before the filing of first petitions", *Calderon*, 98 F.3d at 1107, resulting in the presentation of unexhausted and exhausted claims by means of a mixed petition. Such is inconsistent with the secondary and limited role of federal habeas vis-á-vis direct review, *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993), the comity afforded state court adjudications through the exhaustion requirement, *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) and "the frequent recognition that AEDPA limited rather than expanded the availability of habeas relief". *Fry v. Pliler*, __U.S.__, 127 S. Ct. 2321, 2327 (2007).

These compelling concerns for federalism are needlessly endangered where, as here, a habeas petitioner seeks discovery of materials that at best will lend support to a

run-of-the mill state law claim implicating a state high court's supervisory authority over its own trial courts. Federal courts have no supervisory authority over Oklahoma state courts, *English v. Cody*, 146 F.3d 1257, 1262 (10th Cir. 1998) (citing *Harris v. Rivera*, 454 U.S. 339, 344-45 (1981)), and the enforcement of the protections of the due process clause is therefore a far more limited basis for review. *See, e.g., Brecht*, 507 U.S. at 633 ("the writ of habeas corpus has historically been regarded as an extraordinary remedy, 'a bulwark against convictions that violate "fundamental fairness"'"); *Boyd v. Ward*, 179 F.3d 904, 921-22 (10th Cir. 1999) ("an error of state law might rise to the level of a constitutional violation required for habeas relief if it resulted in a fundamentally unfair trial"). "[I]t hardly bears repeating that "'an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.'" *Brecht*, 507 U.S. at 634 (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Simply put, "[f]ederal courts are not forums in which to relitigate state trials." *Id.* at 633 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

Here, Petitioner requests discovery materials not related to the investigation of his case by the police, the prosecution or trial counsel. Nor does he suggest that exculpatory material was withheld or false evidence presented at trial. Rather, he seeks discovery of demonstrative exhibits made in open court, in full view of Petitioner and his counsel, based on undisputably accurate witness testimony. The underwhelming federal constitutional basis of this *potential* claim (assuming such a federal basis was exhausted by Petitioner), standing alone, is a sufficient basis to deny discovery even under normal

circumstances. "'[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements,' when engaged in such an endeavor a federal court must 'tread gingerly' and exercise 'considerable self-restraint.'" *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (quoting *United States v. Rivera*, 900 F.2d 1462, 1477 (10th Cir. 1990)). Indeed, the Supreme Court has cautioned federal courts to "bear in mind our previous admonition that we "have defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle v. McGuire*, 502 U.S. 62, 73 (1991) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." *Id.*

Petitioner's failure to retain the defense posters further counsels against the requested discovery. Petitioner reasons that the prosecution's posters should be disclosed so he may "effectively and truthfully...develop this proposition". Doc. 18 at 3. Using this logic, however, Petitioner's counsel will not be able to "effectively and truthfully...develop this proposition" in any event because the defense posters were discarded *by defense counsel*. Hence, the danger of a misleading, one-sided presentation of purported error by Petitioner is great. Merely submitting the prosecution's posters for review to this Court, without any firm establishment of their placement in the courtroom or, for that matter, even the dimensions of the courtroom, risks taking the posters completely out of the context of the trial process in which the jury observed them, especially when the defense posters are redacted from the mix.

Finally, Petitioner's argument that "[i]t will be impossible for this court to review this claim for error...without the court actually viewing the items which have been the subject of considerable litigation at the state level", Doc. 18 at 3, begs the question: "What claim?" Petitioner has presented *no claim* to this court because he has not filed his § 2254 petition. His argument confirms the obvious, namely, that he must actually present a constitutional claim to this court before he may attempt to invoke the discovery devices contained within the Federal Rules of Civil Procedure. It is only when he has done so that this Court may evaluate whether it, in fact, can adjudicate the merits of Petitioner's substantive constitutional claims by resort to the record–as observed by the OCCA--or whether the requested discovery is necessary.

### IV

All things considered, Petitioner's motion for pre-petition discovery should be denied.

Respectfully submitted,

**W.A. DREW EDMONDSON**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ SETH S. BRANHAM**
**SETH S. BRANHAM, OBA #18019**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK  73105
(405) 521-3921 (Voice)
(405) 522-4534 (Fax)

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

On this 28th day of August 2008, I certify that a true and correct copy of the foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Henricksen
Lanita Henricksen
Henricksen & Henricksen Lawyers, Inc.
600 N. Walker, Suite 220
Oklahoma City, OK  73102

e-mail:	mark.henricksen@coxinet.net
	henricksen.lanita@coxinet.net


									s/ SETH S. BRANHAM