# ATTACHMENT 1:
Oklahoma Court of Criminal Appeals
Opinion Denying Post-Conviction Relief

(Unpublished)

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD EUGENE GLOSSIP, | ) | |
| | ) | |
| Petitioner, | ) | NOT FOR PUBLICATION |
| | ) | |
| v. | ) | Case No. PCD 2004-978 |
| | ) | |
| THE STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

DEC 06 2007

MICHAEL S. RICHIE
CLERK

## OPINION DENYING POST-CONVICTION RELIEF

**LEWIS, JUDGE:**

Appellant, Richard Eugene Glossip, was convicted of First Degree (malice) Murder in violation of 21 O.S.Supp.1996, § 701.7(A), in Oklahoma County District Court Case No. CF-97-244, after a jury trial occurring in May and June 2004, before the Honorable Twyla Mason Gray, District Judge. The jury found the existence of one aggravating circumstance: that Glossip committed the murder for remuneration or the promise of remuneration or employed another to commit the murder for remuneration or the promise of remuneration, and set punishment at death.[1] Judge Gray formally sentenced Glossip in accordance with the jury verdict on August 27, 2004.

---

[1] The jury did not find the existence of the second alleged aggravating circumstance: the existence of the probability that the defendant will commit criminal acts of violence that would constitute a continuing threat to society.

This Court affirmed Glossip's murder conviction and sentence of death in *Glossip v. State*, 2007 OK CR 12, 157 P.3d 143. Glossip is now before this Court with his original application for post-conviction relief. We ordered that the State respond to the application, and the State filed its response on June 11, 2007.

Pursuant to 22 O.S.Supp.2006, § 1089 (C), the only issues that may be raised in an application for post-conviction relief are those that were not and could not have been raised in a direct appeal; and support a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent. On review, this Court must determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist, (2) whether the applicant's grounds were or could have been previously raised, and (3) whether relief may be granted . . . ." 22 O.S.Supp.2006, § 1089(D). We will not treat the post-conviction process as a second appeal, and will apply the doctrines of *res judicata* and waiver where a claim either was, or could have been, raised in the petitioner's direct appeal. *Davis v. State*, 2005 OK CR 21, ¶ 2, 123 P.3d 243, 244; *Hooks v. State*, 2001 OK CR 7, ¶ 2, 22 P.3d 231, 232. In this original application for post-conviction relief, Glossip raises five grounds for relief.

Glossip claims in many instances that appellate counsel was ineffective for failing to raise issues or for not fully developing the issues counsel did raise on direct appeal. In order to prevail on these claims, Glossip must show that

2

counsel's failure to raise arguments on direct appeal amounted to deficient performance which resulted in a prejudice that deprived him of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). If we find Glossip was not prejudiced by counsel's conduct, we will not find counsel was ineffective. *Harris v. State*, 2007 OK CR 32, ¶ 3, ___ P.3d ___. To prove prejudice, Glossip must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. We begin with a strong presumption that counsel's conduct is within the wide range of reasonable professional conduct, and in order to overcome that presumption, Glossip must show that counsel's representation was unreasonable under prevailing professional norms and that the challenged action could not be considered sound strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Harris*, 2007 OK CR 32, ¶ 3.

Appellate counsel's failure to raise every non-frivolous argument on direct appeal does not constitute ineffective assistance, *per se*. *Hooks v. State*, 1995 OK CR 56, ¶ 6, 902 P.2d 1120, 1124; *also see Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Mailcoat v. Mullins*, 426 F.3d 1241, 1248-49 (10th Cir. 2005). The United States Supreme Court reaffirmed its stance on this issue in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), by stating:

3

> In *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), we held that appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent. See, *e.g.*, *Gray v. Greer*, 800 F.2d 644, 646 (C.A.7 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome").

*Robbins*, 528 U.S. at 288, 120 S.Ct. at 765.

Likewise, claiming that direct appeal counsel was ineffective for presenting the same or similar issue in a different manner does not necessarily mean counsel was ineffective. *Trice v. State*, 1996 OK CR 10, ¶ 10, 912 P.2d 349, 353. Post-conviction review is not an avenue for defendants to reassert claims in hopes that further argument alone may change the outcome in different proceedings. *Id.* ¶ 11.

Glossip first claims, in proposition one, that he was denied a fair trial due to prosecutorial misconduct. He notes that a claim of prosecutorial misconduct was raised on direct appeal, but cites numerous other alleged instances of prosecutorial misconduct that were neither preserved at trial nor raised on direct appeal due to the ineffective assistance of trial and direct appeal counsel. Glossip now claims that the prosecutor committed misconduct by attempting to evoke the jury's emotion and sympathy, by demeaning mitigation evidence, by denigrating defense counsel, by misleading the jury and

4

misrepresenting facts, by improper name calling, by invoking societal alarm, and by injecting personal opinion.

We note that these same essential claims were made on direct appeal. We find that Glossip's claims here are an attempt to reargue, or expand on, claims already made by direct appeal counsel. The fact that direct appeal counsel did not utilize precious pages in the direct appeal brief to point out other instances that may have constituted misconduct does not indicate that counsel was ineffective. We find direct appeal counsel's argument on these issues does not fall below reasonable conduct under prevailing professional norms. Consequently, we conclude that this proposition is barred by *res judicata*.

In proposition two, Glossip makes an overarching claim that both trial and appellate counsel rendered ineffective assistance of counsel. Glossip argues that trial counsel was ineffective for failing to investigate Justin Sneed, who was the codefendant and the State's primary witness. Glossip now claims that evidence in the form of a psychiatric evaluation of Sneed, which shows that he served one year probation as a juvenile for burglary and a bomb threat, is relevant. The document was available to trial counsel, but Glossip claims the document was not used due to ineffective representation. Glossip asserts that this information shows that Sneed was not the type of subservient person as portrayed by the State during trial.

5

On appeal, Glossip did claim that trial counsel was ineffective in many aspects of this case, including the inadequacy of his cross-examination of and treatment of Sneed's testimony, and counsel's failure to object to testimony portraying Sneed's character as a follower. We find that this proposition is merely an attempt to expand on claims made on direct appeal; therefore the claim is barred. Even so, we find that both trial and direct appeal counsel were not ineffective for failing to use this information. We find the introduction of this information at trial or on direct appeal would not have changed the outcome of this case. Rule 9.7(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2007)

Glossip claims, in proposition three, that previous counsel were ineffective for failing to argue that judicial bias so infected the proceedings that he was denied his rights to a fair trial. This is a claim that was not raised on direct appeal, and none of the instances Glossip claims as showing judicial bias were preserved at trial. Glossip points to a time during trial when the trial court was emotional and was crying and she stated she explained the situation to the jury. Glossip does not show that the trial court's emotional state affected this trial by indicating a bias for or against any party. The extra-record documents do not show, by clear and convincing evidence there is a strong possibility that Glossip was prejudiced by the trial court's actions.

At no time during these events did counsel move for a mistrial or ask that the trial court recuse itself. There is nothing in this proposition that

6

would overcome the presumption of judicial impartiality. *See Frederick v. State*, 2001 OK CR 34, ¶ 175, 37 P.3d 908, 951. Thus, Glossip cannot show that appellate counsel was ineffective for failing to raise this issue.

In proposition four, Glossip claims that he was denied a fair trial when the trial court failed to keep the jury sequestered during deliberations. Glossip claims that the jury was allowed to leave the courthouse to move their cars in violation of 22 O.S.2001, § 857. Without an affidavit from trial counsel, he claims that trial counsel would have objected had he known the trial court allowed this to occur.

Section 857 requires that, once deliberations have begun, the jurors must be kept "together in some private and convenient place," and no person must be allowed to speak or communicate with them, unless by order of the court. It appears, from the extra-record information provided by Glossip, that the jurors were allowed to move their cars from the parking garage, and they were accompanied by officers of the court. There is no indication, from the affidavits, that the jurors were allowed to communicate with anyone.

Glossip has provided nothing from trial counsel to indicate whether he knew of this procedure or whether he was able to object. In *Warner v. State*, 2006 OK CR 40, ¶ 101, 144 P.3d 838, 875, this Court discussed this same issue, and after ordering an evidentiary hearing, concluded that this is a common practice in Oklahoma County due to the parking situation. The jurors were accompanied by court officers and did not have inappropriate

7

conversations with others.

Absent an affidavit from trial counsel, Glossip cannot show, by clear and convincing evidence, that trial counsel was ineffective for knowing about the procedure and standing by without objecting or that counsel was unaware of this procedure. Furthermore, the extra-record information provided does not show by clear and convincing evidence that appellate counsel was ineffective for failing to raise this issue on appeal. There is no indication that the procedure was any different from that occurring in *Warner*. Therefore, this proposition must fail.

In proposition five, Glossip argues that the claims presented in his post-conviction application coupled with the errors raised on direct appeal and errors identified, but held harmless, should be viewed in a cumulative fashion. He claims that the cumulative effect of these errors warrant a new trial, or alternatively, a new sentencing proceeding. We have determined that previous counsel was not ineffective and there is no cumulative error to consider. See *Harris*, 2007 OK CR 32, ¶ 20.[2]

---

[2] In a separate motion, Glossip requests an evidentiary hearing and discovery. We have found the application and supporting affidavits do not meet the threshold showing necessitating an evidentiary hearing. Rule 9.7(D)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2007). We further find discovery is not required in this post-conviction proceeding. *Mitchell*, 1997 OK CR 9, 934 P.2d 346, 351. Therefore, Glossip's requests are denied.

8

## CONCLUSION

After carefully reviewing Glossip's application for post-conviction relief, we conclude that Glossip is not entitled to relief. Accordingly, Glossip's Original Application for Post-Conviction Relief is **DENIED**, his application for an evidentiary hearing and discovery is also **DENIED**.


**ATTORNEY FOR PETITONER:**

WYNDI THOMAS HOBBS
APPELLATE DEFENSE COUNSEL
CAPITAL POST-CONVICTION DIVISION
INDIGENT DEFENSE SYSTEM
1623 CROSS CENTER DRIVE
NORMAN, OKLAHOMA 73069


**ATTORNEYS FOR RESPONDENT:**

W. A. DREW EDMONDSON
ATTORNEY GENERAL OF OKLAHOMA
SETH S. BRANHAM
ASSISTANT ATTORNEY GENERAL
313 NORTHEAST 21st STREET
OKLAHOMA CITY, OK 73105


**OPINION BY: LEWIS, J.**

**LUMPKIN, P.J.:   Concurs**
**C. JOHNSON, V.P.J.:   Concurs**
**CHAPEL, J.:   Concurs**
**A. JOHNSON, J.:   Concurs**

9