## IN THE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD GLOSSIP,** )<br>)<br>    **Petitioner,** )<br>)<br>  **vs.** )<br>)<br>**MARTY SIRMONS,**   **Warden,** )<br>**Oklahoma State Penitentiary,** )<br>)<br>    **Respondent.** ) | **No. CIV-08-326-HE** |

### PETITIONER'S SECOND MOTION TO PERMIT DISCOVERY

Petitioner Richard Glossip, having filed this date his Petition For Writ of Habeas Corpus, moves the Court for an order permitting production of certain documents.

1. In Ground III of Petitioner's Petition For a Writ of Habeas Corpus, Petitioner claims that the trial court erred in allowing the Prosecutor to prepare and display numerous large posters containing portions of the testimony of witnesses who testified in the first stage of Petitioner's trial, and refused to allow Petitioner's trial counsel to preserve the posters for the record, or to even take photographs of the posters.   The trial transcripts show that the preparation and display of the posters began on the first day of the guilt stage of trial when the victim's spouse, Donna Treese, testified.  (Tr. Vol. 4, p. 99, May 14, 2004).  The trial transcripts indicated that the posters were prepared and displayed at least through eight days of trial, if not throughout the whole first stage:

Donna Van Treece, the first witness for the State testified on May 14.  (Tr. Vol. 4)

1

Barry Van Treese testified on May 25, and when and gave the following answer to one of the questions asked by the Prosecutor: "Yes, ma'am.  He told me the same thing that these notes up here are about.  About having seen Berry at 7:00, you know, blah, blah, and so forth." (Tr. Vol. 11, p.127).  The days of first stage testimony remaining after May 25 were held were May 26, (Tr. Vol. 12); May 27,  where only two witnesses testified (Tr. Vol. 13); and May 28, where only one witness  testified.  (Tr. Vol. 14), and on June 1 where only nine pages of testimony is reflected, and the State rested immediately afterwards.  (Vol. 15).

2.  The next day when the Prosecutor continued the practice and continued the display of the posters, Petitioner's trial counsel objected.  (Tr. V 195-96)   The trial court overruled the objection.  *Id*.

3.  At the end of first stage Petitioner's trial counsel requested that the posters included part of the original record, to which the Prosecutor objected.  (Tr. Vol.  15, p. 34-35.   The trial court refused to let defense counsel preserve the posters for the record, or to even take photographs of the posters for trial counsel's own use.  (Tr. Vol. 1, p. 36-37).

4. Petitioner files this motion pursuant to *Rule 6, Section 2254 Rules and Forms effective December 1, 2004*.  In *Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999) the Court held that a federal habeas petitioner "will be entitled to discovery only 'if, and to the extent that, the [district court] judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'"   Petitioner submits that good cause exists for discovery of the posters for the reason Petitioner's trial counsel took efforts to preserve the

2

posters for the record but the trial court refused to do so, and that the posters are relevant to the claim presented by Petitioner in his Petition.

5. Petitioner's undersigned habeas counsel contacted Assistant Attorney General Seth Branham to request an opportunity to view the posters.  Mr. Branham advised that the posters were in the possession of the Oklahoma County District Attorney's office and that he would advise counsel of the state's position regarding the production of the posters.  Thereafter, Mr. Branham stated that he had spoken to Assistant District Attorney Gary Ackerly, one of the trial prosecutors, and that the state would not voluntarily permit Petitioner's lawyers to view or copy the posters.

6.  It will not be possible to effectively and truthfully develop this claim further without viewing the posters.

WHEREFORE, Petitioner prays that the Court grant his request for discovery.

Respectfully submitted,
HENRICKSEN & HENRICKSEN
LAWYERS, INC.


s/Mark Henricksen_____
MARK HENRICKSEN, OBA #4102

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2008, I electronically transmitted the attached document to the Clerk of this Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Seth Branham,
Assistant Attorney General
313 N. E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921 (Voice)
(405) 522-4534 (Fax)
Attorney for Respondent
e-mail: fhc.docket@oag.state.ok.us

                                      s/Mark Henricksen_____
                                      MARK HENRICKSEN