No. CIV-08-326-HE

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
_____

RICHARD GLOSSIP,

Petitioner,

-vs-

MARTY SIRMONS, Warden,
Oklahoma State Penitentiary

Respondent.

_____

RESPONSE IN OPPOSITION TO PETITIONER'S SECOND
MOTION TO PERMIT DISCOVERY AND BRIEF IN SUPPORT
_____

W.A. DREW EDMONDSON
ATTORNEY GENERAL OF OKLAHOMA

SETH S. BRANHAM, OBA #18019
ASSISTANT ATTORNEY GENERAL

313 NE 21st Street
Oklahoma City, OK  73105
(405) 521-3921; (405) 522-4534 (FAX)
fhc.docket@oag.state.ok.us
ATTORNEYS FOR RESPONDENT

_____

NOVEMBER 26, 2008

## <u>TABLE OF CONTENTS</u>

Page

I.   The Federal Aspect of Ground III Is Unexhausted and Therefore Discovery is Inappropriate ..................................................................................... 1

II.  Alternatively, the Existing Record is Adequate to Adjudicate Petitioner's Claim and Defense Counsel's Failure to Retain the Defense Demonstrative Exhibits Warrants Denial of the Requested Discovery. ..................................... 9

III. Alternatively, Petitioner's Challenge to the Prosecutor's Use of the Demonstrative Exhibits Has No Substantial Federal Constitutional Basis, Further Undermining His Attempt to Show "Good Cause" for Discovery. ................................................................................................... 13

CONCLUSION. ........................................................................................................ 16

CERTIFICATE OF SERVICE. ................................................................................ 16

i

## TABLE OF AUTHORITIES

## FEDERAL CASES CITED

**Adams v. Robertson,**
     **520 U.S. 83 (1997)** ................................................................. **6**

**Baldwin v. Reese,**
     **541 U.S. 27 (2004)** ................................................................. **4**

**Bland v. Sirmons,**
     **459 F.3d 999 (10th Cir. 2006)** ............................................... **3, 9**

**Bracy v. Gramley,**
     **520 U.S. 899 (1997)** ............................................................... **10, 15**

**Brecht v. Abrahamson,**
     **507 U.S. 619 (1993)** ............................................................... **15**

**Calderon v. United States District Court for the Northern District of California (Nicolaus),**
     **98 F.3d 1102 (9th Cir. 1996)** ................................................. **9**

**Calderon v. United States District Court for the Northern District of California (Patel),**
     **144 F.3d 618 (9th Cir. 1998)** ................................................. **9**

**Castille v. Peoples,**
     **489 U.S. 346 (1989)** ............................................................... **7**

**Cruz v. Warden of Dwight Correctional Center,**
     **907 F.2d 665 (7th Cir. 1990)** ................................................. **7**

**Darden v. Wainwright,**
     **477 U.S. 168, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986)** ....................... **5**

**Diamond v. Wyrick,**
     **757 F.2d 192 (8th Cir. 1985)** ................................................. **7**

**Donnelly v. DeChristoforo,**
    416 U.S. 637 (1974). ............................................................................ 54

**Dowling v. United States,**
    493 U.S. 342 (1990). ............................................................................ 13

**Duckett v. Mullin,**
    306 F.3d 982 (10th Cir. 2002). ........................................................... 13

**Duncan v. Henry,**
    513 U.S. 364 (1995). .............................................................................. 6

**Dye v. Hofbauer,**
    546 U.S. 1 (2005). ................................................................................. 4

**Estelle v. McGuire,**
    502 U.S. 62 (1991). ............................................................................. 13

**Fry v. Pliler, __ U.S. __,**
    127 S. Ct. 2321 (2007). ...................................................................... 15

**Gunter v. Maloney,**
    291 F.3d 74 (1st Cir. 2002) .................................................................. 7

**Hawkins v. Mullin,**
    291 F.3d 658 (10th Cir.2002). ............................................................. 3

**Hiivala v. Wood,**
    195 F.3d 1098 (9th Cir. 1999). ............................................................ 6

**Howell v. Mississippi,**
    543 U.S. 440 (2005). ........................................................................ 4, 6

**Jones v. Oklahoma,**
    567 F. Supp. 2d 1309 (W.D. Okla. 2008). ......................................... 14

**Maynard v. Boone,**
    468 F.3d 665 (10th Cir. 2006). ........................................................... 14

**Miller v. Mullin,**
    354 F.3d 1288 (10th Cir. 2004)...................................................................... 8

**Rhines v. Weber,**
    544 U.S. 269 (2005)...................................................................................... 15

**United States v. Rivera,**
    900 F.2d 1462 (10th Cir. 1990)...................................................................... 13

**Wallace v. Ward,**
    191 F.3d 1235 (10th Cir. 1999)...................................................................... 10

**Weigand v. Wingo,**
    380 F.2d 1022 (6th Cir. 1967)........................................................................ 7

**Williams v. Taylor,**
    529 U.S. 420 (2000)...................................................................................... 14

## STATE CASES CITED

**Glossip v . State,**
    157 P.3d 143 (Okla. Crim. App. 2007). ................................................. *passim*

**Marshal v. Dinwiddie,**
    2007 WL. 2703120 (E.D. Okla. 2007). ......................................................... 7

## FEDERAL STATUTES CITED

28 U.S.C. § 2254................................................................................... *passim*

## RULES CITED

**Rules 3.4(F) and 9.3(D) & (E),** *Rules of the Oklahoma Court of Criminal Appeals*,
    Title 22, Ch. 18, App. (2003). ......................................................................... 8

## OTHER

**Okla. Const. art. II, § 7.**............................................................................... 6

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD GLOSSIP,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )     **Case No.  CIV-08-326-HE** |
| | ) |
| **MARTY SIRMONS, Warden,** | ) |
| **Oklahoma State Penitentiary,** | ) |
| | ) |
| **Respondent.** | ) |

## RESPONSE IN OPPOSITION TO PETITIONER'S SECOND
## MOTION TO PERMIT DISCOVERY AND BRIEF IN SUPPORT

COMES NOW the Respondent, Marty Sirmons, Warden, Oklahoma State Penitentiary, by and through Seth S. Branham, Assistant Attorney General, and provides the following response in opposition to Petitioner's *Second Motion to Permit Discovery and Brief in Support* (Doc. 27) filed with this Court on November 3, 2008.

### I.     The Federal Aspect of Ground III Is Unexhausted and Therefore Discovery is Inappropriate.

Petitioner, an Oklahoma state death row inmate, filed his § 2254 petition with this Court on November 3, 2008.  Doc. 25.  Accompanying the petition is a motion to conduct discovery, pursuant to Rule 6, *Rules Governing Section 2254 Cases*.[1]  This discovery request relates to Ground III of the § 2254 petition.  Doc. 27 at 1-2.  There, Petitioner alleges a federal due process violation based on the use at trial of demonstrative exhibits consisting

---

[1]  In his first motion for discovery, which was pre-petition, Petitioner requested the same relief.  This Court denied that motion, without prejudice to refiling, finding that pre-petition discovery was not appropriate.  Doc. 20.

of poster-sized sheets of paper on which the prosecution wrote portions of testimony in response to witness statements from the stand.  Doc. 25 at 82-96.[2]

The record shows that Petitioner presented a similar state law claim to the Oklahoma Court of Criminal Appeals (OCCA) but that no federal basis for this claim was exhausted in state court.[3]  On direct appeal, Petitioner complained in Proposition III that the prosecutor's use of the demonstrative exhibits violated the rule of witness sequestration, provided undue emphasis on selected testimony and represented a continuous closing argument.  Petitioner further argued that the trial court erred in denying his request to include the actual posters, or some reproduction thereof, as part of the trial record.   To support these arguments, he cited Oklahoma evidentiary rules and state case law dealing with the use of demonstrative exhibits at trial.

Petitioner did nothing, however, to identify for the OCCA a federal basis for this claim.  He did not expressly identify any part of the federal constitution in support of Proposition III and did not cite any case deciding an issue on Fourteenth Amendment due

---

[2]  In addition to his federal due process claim, Petitioner makes passing reference in Ground III of his § 2254 petition to the alleged denial of a fair and impartial jury and alleged judicial bias as support for his challenge to the demonstrative exhibits.  Doc. 25 at 85 & 94 n.30.  Like his federal due process claim, however, these separate bases for relief were not advanced in state court to support his demonstrative exhibits challenge and are therefore unexhausted and procedurally barred from review.  The State focuses in this response to Petitioner's main allegation on habeas, namely, his federal due process claim.

[3]  Respondent has attached as exhibits to this document Petitioner's opening brief, reply brief, Rule 3.11 application, supplemental authority list after oral argument and petition for rehearing on direct appeal.  Also attached are the State's response brief on direct appeal and the OCCA's order denying rehearing.  *See* Exhibits A through G.  The OCCA's opinion denying relief is available at *Glossip v . State*, 157 P.3d 143 (Okla. Crim. App. 2007).

process grounds.  Nor did he label it a "federal" claim at any point in his state court briefs. 12/15/05 *Brief of Appellant* (D-2005-310) at 42-49 (Okla. Crim. App.); 5/4/06 *Reply Brief of Appellant* (D-2005-310) at 7-10 (Okla. Crim. App.).[4]  While Petitioner did make bare reference to "the Due Process clause and notions of a fair trial" in Proposition III, 12/15/05 *Brief of Appellant* (D-2005-310) at 46 & 49, this is insufficient legally and factually to advise the state court of the federal nature of a claim.

"A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."  *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citing 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin,* 291 F.3d 658, 668 (10th Cir.2002)).  "A claim has been exhausted when it has been 'fairly presented' to the state court."  *Id.* (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)).  "'Fair presentation' requires more than presenting 'all the facts necessary to support the federal claim' to the state court or articulating a 'somewhat similar state-law claim.'"  *Id.* (quoting *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam)).  "'Fair presentation' means that the petitioner has raised the 'substance' of the federal claim in state court."  *Id.* (quoting *Picard,* 404 U.S. at 278).  While the habeas petitioner need not cite " 'book and verse on the federal constitution,' " *id.* (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1958)), the petitioner cannot assert entirely different arguments from those raised before the state court.  *Id.*

Recently, the Supreme Court concluded that a habeas petitioner had failed to exhaust available state remedies when he referenced the Sixth Amendment in relation to his claim

---

[4]  Attached as Exhibits A and C.

that *trial counsel* was ineffective, but failed to reference it again in respect to his separate claim for ineffective assistance of *appellate counsel*. *Baldwin v. Reese*, 541 U.S. 27, 30-33 (2004). The Court noted that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.* at 32. In a later case, the Supreme Court rejected an exhaustion challenge to a state prisoner's § 2254 petition where the argument header for his prosecutorial misconduct claim referred to the alleged denial of due process and a fair trial and the text of the argument under this argument heading cited the Fifth and Fourteenth Amendments to the United States Constitution as well as federal cases concerning alleged violations of federal due process rights in the context of prosecutorial misconduct, including *Donnelly v. DeChristoforo,* 416 U.S. 637 (1974). *Dye v. Hofbauer*, 546 U.S. 1, 3-4 (2005). In a slightly different context (the Supreme Court's scope of review on certiorari), the Court found that a petitioner's brief in the Mississippi Supreme Court did not properly present his claim as one arising under federal law. The Court noted he did not cite the federal constitution "or even any cases directly construing it, much less any of this Court's cases", but instead relied upon a "daisy-chain" of state-law cases that only obliquely mentioned federal law. *Howell v. Mississippi*, 543 U.S. 440, 443-44 (2005).

In the instant case, Petitioner's treatment of the demonstrative exhibit issue stands in stark contrast to the argument and authority he presented on direct appeal to alert the OCCA

of the federal nature of his separate claims alleging prosecutorial misconduct and the admission of irrelevant evidence.  In Proposition II on direct appeal, Petitioner stated in the argument header that the admission of alleged irrelevant and highly prejudicial evidence violated "the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Corresponding Provisions of the Oklahoma Constitution."  12/15/05 *Brief of Appellant* (D-2005-310) at 34.  After citing the relevancy and unfair prejudice provisions of the Oklahoma Evidence Code in support of his individual evidentiary challenges, Petitioner concluded his argument by stating: "[t]he likelihood of resulting prejudice so infected the trial with unfairness as to make the resulting convictions a denial of due process under the state and federal Constitutions.  *Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986)."  12/15/05 *Brief of Appellant* (D-2005-310) at 41.

In Proposition IV on direct appeal, Petitioner quoted *Darden* and *Donnelly* for the proposition that the prosecutorial misconduct alleged therein "resulted in a trial so infected 'with unfairness as to make the resulting conviction a denial of due process."  12/15/05 *Brief of Appellant* (D-2005-310) at 49-50.  After citing, *inter alia*, *Donnelly* and the Fourteenth Amendment's due process clause elsewhere in his argument, 12/15/05 *Brief of Appellant* (D-2005-310) at 56, 57, Petitioner concluded by re-iterating the federal nature of his prosecutorial misconduct claim.  Petitioner again cited *Darden*, *Donnelly* and "the Fourteenth Amendment right to a fair trial" in the concluding paragraphs of Proposition IV.  He also re-urged that the alleged prosecutorial misconduct "was so prejudicial as to adversely affect the

fundamental fairness and impartiality of the proceedings and resulted in deprivation of the constitutional rights enumerated above." 12/15/05 *Brief of Appellant* (D-2005-310) at 61.

Petitioner's argument and authority in Propositions II and IV on direct appeal confirm that his challenge to the demonstrative exhibits contained in Proposition III relied entirely on state law grounds and did not implicate any aspect of the federal constitution. "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)). *See also Howell*, 543 U.S. at 444 n.2 (and cases cited therein).

Petitioner's claim in Proposition III relied solely upon state procedural concepts like the rule of witness sequestration, undue emphasis of trial testimony, and the trial court's abuse of discretion. Petitioner's drive-by references to "due process" and "fair trial" just as easily refer to the due process guarantee of the Oklahoma Constitution. Okla. Const. art. II, § 7. *See also Adams v. Robertson*, 520 U.S. 83, 89 n.3 (1997). The case law cited by Petitioner does not invoke, or apply, the federal constitution. Petitioner therefore did not cite relevant state or federal cases that might have alerted the OCCA to the federal nature of his claim as he did in Propositions II and IV. The very nature of Petitioner's request for relief in Proposition III, dealing as it does with use of demonstrative exhibits, is driven by state trial management considerations, not any federal constitutional concerns. The OCCA's divided

6

opinion on this issue stems from a debate over the proper exercise of supervisory authority over the state's trial judges. The OCCA reviewed the claim presented by Petitioner and, not surprisingly, references no federal constitutional source in denying relief on this issue. *See Glossip v. State*, 157 P.3d 143, 155-56, 164-72, 175 (Okla. Crim. App. 2007).

Petitioner may argue that because he specifically referenced the United States Constitution in his petition for rehearing on direct appeal, filed after the OCCA's opinion denying relief, that he exhausted the federal basis of the instant claim. 5/3/07 *Petition for Rehearing* (D-2005-310) at 9 (Okla. Crim. App.).[5] This proposition has been flatly rejected by the many federal courts, including the Tenth Circuit, that have considered it. *See Scott v. Franklin,* 122 Fed. Appx. 980, 981-83 (10th Cir. 2005) (unpublished); *Gunter v. Maloney*, 291 F.3d 74, 81-82 (1st Cir. 2002); *Ford v. Day*, 23 Fed. Appx. 657, 658 (9th Cir. 2001) (unpublished); *Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 669 (7th Cir. 1990); *Diamond v. Wyrick*, 757 F.2d 192, 193 (8th Cir. 1985); *Weigand v. Wingo*, 380 F.2d 1022, 1023 (6th Cir. 1967); *Marshal v. Dinwiddie*, 2007 WL 2703120, at * 3 (E.D. Okla. 2007) (unpublished). The exhaustion requirement is not satisfied "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner did not exhaust the federal basis of his challenge to the demonstrative exhibits by first raising it on rehearing. Petitioner provided the OCCA no basis upon which to grant relief under its own rules, as reflected in its order denying

---

[5] Attached as Exhibit F.

rehearing.   6/01/07 *Order Denying Petition for Rehearing and Directing Issuance of Mandate* (D-2005-310) (Okla. Crim. App.).[6]

Petitioner may argue that his citation to *Miller v. Mullin*, 354 F.3d 1288, 1294-95 (10th Cir. 2004), in a supplemental authority list filed after oral argument, was sufficient to exhaust this issue.   11/09/06 *Supplemental Authority After Oral Argument* (D-2005-310) at 1 (Okla. Crim. App.).[7]   Such an argument ignores, however, that Petitioner's parenthetical for this case addressed the same pure state law issue the OCCA cited this case for in its opinion denying relief, namely, the risk that pedagogical devices used during closing argument may unfairly emphasize certain evidence.   *See Glossip*, 157 P.3d at 156.   Petitioner's supplemental authority list does not mention any federal constitutional provision, nor does it label his challenge to the demonstrative aids as a federal claim.   The cited passage from *Miller* itself analyzes the prosecutorial misconduct issue in terms of plain error.   Petitioner's supplemental authority merely supplemented the pure state-law claim in Proposition III of his opening brief on direct appeal.   Supplemental authority after oral argument, filed as it is after full briefing in the case, is not an opportunity to present new claims or theories.   *See* Rules 3.4(F) and 9.3(D) & (E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2003); *Voltz v. Coca-Cola Enterprises*, 91 Fed. Appx. 63, 67 n.3 (10th Cir. 2004) (unpublished).   Nor would such an attempt satisfy the fair presentment rule under the exhaustion doctrine.   *See Gunderson v. Hettgar*, 1999 WL 1054682, at *1 (10th Cir. 1999)

---

[6]  Attached as Exhibit G.

[7]  Attached as Exhibit E.

(unpublished)[8] (habeas petitioner's attempt to file supplemental brief on state direct appeal six days before oral argument does not constitute a serious and meaningful opportunity to exhaust federal ineffective assistance claim).

In summary, Petitioner attempts with his discovery request to bolster a state-law claim in which the federal constitutional claim tendered on habeas is unexhausted and would be procedurally barred if he returned to state court.  *See Bland*, 459 F.3d at 1012.  Petitioner's discovery request is therefore inappropriate and should be denied.  *See Calderon v. United States District Court for the Northern District of California (Patel)*, 144 F.3d 618, 621 (9th Cir. 1998); *Calderon v. United States District Court for the Northern District of California (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996).  *See also* Doc. 20.

**II.     Alternatively, the Existing Record is Adequate to Adjudicate Petitioner's Claim and Defense Counsel's Failure to Retain the Defense Demonstrative Exhibits Warrants Denial of the Requested Discovery.**

Assuming *arguendo* Petitioner's briefing on direct appeal was adequate to alert the OCCA of the federal nature of his challenge to the demonstrative exhibits and thereby satisfies the exhaustion requirement, the requested discovery should still be denied.  A district court has discretion, under Rule 6, *Rules Governing Section 2254 Cases*, to grant discovery upon a fact-specific showing of good cause.  Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully

---

[8] Attached as Exhibit H.

9

developed, be able to demonstrate that he is...entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).  *See also Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999).

Petitioner seeks discovery of the demonstrative exhibit posters used by the State at trial.  The OCCA found on direct appeal that "[t]he record is not clear whether these pads stayed up during the entire trial", that, in viewing the entire record, "we cannot say that the posters affected the outcome of this trial" as both parties utilized similar posters during witness testimony, "[t]here is no argument that the posters did not contain factual information, and they were utilized to assist the jury in understanding the testimony, considering the trial court's instructions against note-taking." *Glossip*, 157 P.3d at 156.

While the prosecution retained post-verdict the demonstrative exhibits it used at trial, Petitioner informed the OCCA at oral argument on direct appeal that the defense posters were apparently not retained and are no longer in Petitioner's possession.  *Id.* at 170 n.27 (Chapel, J., dissenting).  The OCCA denied Petitioner's request to order the State to supplement the record on direct appeal with the posters in its possession, finding that "inclusion of the demonstrative exhibits would not affect our decision in this case." *Id.* at 155 n.8.

Petitioner complains in his habeas petition, as he did on direct review, that the prosecutor's actions violated the rule of witness sequestration, provided undue emphasis on selected testimony and represented a continuous closing argument.[9]  Petitioner further argues

---

[9] Petitioner concedes, however, that these posters were not available in the jury room during deliberations.  Doc. 25 at 87.  *See also id.* at 164 (Lumpkin, J., concurring in result) (noting that the demonstrative aides were not allowed to be taken into jury room for deliberations).

that the trial court erred in denying his request to include the actual posters, or some reproduction thereof, as part of the trial record. Doc. 25 at 82-96. Citing the Rule 6 "good cause" standard, Petitioner urges that discovery is warranted because "trial counsel took efforts to preserve the posters for the record but the trial court refused to do so, and that the posters are relevant to the claim presented by Petitioner in his Petition." Doc. 27 at 2-3. Petitioner also states that "[i]t will not be possible to effectively and truthfully develop this claim further without viewing the posters." Doc. 27 at 3.

Petitioner requests discovery of materials not related to the investigation of his case by the police, the prosecution or trial counsel. Nor does he suggest that the requested discovery may show exculpatory material was withheld or false evidence presented at his trial. Rather, he seeks discovery of demonstrative exhibits made in open court, in full view of Petitioner and his counsel that were based on an undisputably accurate recitation of witness testimony. In this sense, Petitioner attempts to bolster the existing record, and by extension bolster the claim raised in state court, with the demonstrative exhibits retained by the District Attorney's Office.

Petitioner's main selling point in his quest to show "good cause" is his claim that he will be unable to develop fully his constitutional claim without the posters. The State would point out, however, that Petitioner's direct appeal counsel managed to present alleged errors based on the demonstrative exhibits and state of the record. Petitioner's habeas counsel has done the same in Ground III of his petition. Indeed, the alleged absence of an adequate

record was one of the asserted errors upon which Petitioner sought relief on direct review, *Glossip*, 157 P.3d at 155 ("Glossip also claims that the trial court erred in refusing to include the posters as part of the trial record") and Petitioner raises the same claim in his § 2254 petition. Doc. 25 at 90-92. Additionally, Petitioner cites here, as he did on direct appeal, numerous passages from the trial transcript evidencing the prosecutor's resort to memorializing bits of testimony on the writing pads further undermining his claim of an inadequate record. *See*, *e.g.*, Doc. 25 at 83, 84; 12/15/05 *Brief of Appellant* (D-2005-310) at 42-43. There is nothing on the posters not already contained in the printed trial transcript as the demonstrative aids only reflect bits of witness testimony. The posters themselves are therefore not necessary, or even helpful, in presenting Petitioner's constitutional claim to this Court. That is especially so considering that the OCCA majority indicated that it could resolve this issue based solely on the existing trial record. Petitioner clearly has a sufficient record to adequately present this ground for review on habeas.

Petitioner's failure to retain the defense posters further counsels against the requested discovery. As noted by the OCCA, "[b]oth sides utilized the poster tactic during trial, although the State seemed to utilize more posters than the defense." *Glossip*, 157 P.3d at 156; *id.* at 169 and n.25 (Chapel, dissenting). Petitioner reasons that the prosecution's posters should be disclosed so he may "effectively and truthfully develop this claim". Doc. 27 at 3. Using this logic, however, Petitioner's counsel will not be able to effectively and truthfully develop this claim of error in any event because the defense posters were discarded *by defense counsel* post-verdict. *Id.* at 170 n.27 (Chapel, dissenting). Hence, the danger of

12

a misleading, one-sided presentation of purported error by Petitioner is great.  Merely submitting the prosecution's posters for review to this Court, without any firm establishment of their placement in the courtroom or, for that matter, even the dimensions of the courtroom, risks taking the posters completely out of the context of the trial process in which the jury observed them, especially when the defense posters are redacted from the mix.  Discovery under such circumstances is not necessary to provide Petitioner an adequate opportunity to litigate this claim.  He therefore fails to show good cause for the discovery request.

### III.   Alternatively, Petitioner's Challenge to the Prosecutor's Use of the Demonstrative Exhibits Has No Substantial Federal Constitutional Basis, Further Undermining His Attempt to Show "Good Cause" for Discovery.

Again assuming *arguendo* Petitioner's briefing on direct appeal was adequate to satisfy the exhaustion requirement, Respondent submits that the underwhelming federal constitutional basis of Petitioner's claim–a due process violation premised on the denial of a fair trial, *see*, *e.g.*, Doc. 25 at 82-83, 96--standing alone is a sufficient basis to deny discovery.  "'[B]ecause a fundamental-fairness analysis is not subject to clearly definable legal elements,' when engaged in such an endeavor a federal court must 'tread gingerly' and exercise 'considerable self-restraint.'"  *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (quoting *United States v. Rivera*, 900 F.2d 1462, 1477 (10th Cir. 1990)).  The Supreme Court has cautioned federal courts to "bear in mind our previous admonition that we "have defined the category of infractions that violate 'fundamental fairness' very narrowly."  *Estelle v. McGuire*, 502 U.S. 62, 72-73 (1991) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).  "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process

Clause has limited operation." *Id.*   Such restraint is especially prominent where, as here, the

state court's adjudication of a claim is entitled to AEDPA deference thus resulting in further

restraint. *See, e.g., Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006) (quoting *Williams*

*v. Taylor*, 529 U.S. 420, 436 (2000)) ("we agree with those courts that grant considerable

deference to state court decisions.   AEDPA was enacted to 'further the principles of comity,

finality and federalism.'   Thus, only the most serious misapplications of Supreme Court

precedent will be a basis for relief under § 2254")); *Jones v. Oklahoma*, 567 F. Supp.2d 1309,

1312-13 (W.D. Okla. 2008) (and cases cited therein) (discussing Tenth Circuit's

interpretation of AEDPA standards of review).

Petitioner invokes state procedural concepts like the rule of witness sequestration,

undue emphasis of trial testimony, and the trial court's abuse of discretion to support his

claim.   It is clear that Petitioner's request for relief in Ground III is driven by state trial

management considerations.   Doc. 25 at 85-90, 94.   As noted earlier, the OCCA's divided

opinion on this issue stems from its exercise of supervisory authority over the state's trial

judges.   Petitioner therefore attempts with his discovery request to bolster a state-law claim

in which the purported federal constitutional violation is a mere afterthought.   Petitioner's

approach should be rejected.   As noted by the Supreme Court:

> The principle that collateral review is different from direct
> review resounds throughout our habeas jurisprudence.   Direct
> review is the principal avenue for challenging a conviction.
> "When the process of direct review–which, if a federal question
> is involved, includes the right to petition this Court for a writ of
> certiorari–comes to an end, a presumption of finality and
> legality attaches to the conviction and sentence.   The role of

14

> federal habeas proceedings, while important in assuring that
> constitutional rights are observed, is secondary and limited.
> Federal courts are not forums in which to relitigate state trials."

*Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (internal citations omitted).

Petitioner's discovery request must be considered in relation to these principles. Allowance of the requested discovery, based on the relatively paltry constitutional claim advanced in his § 2254 petition, is inconsistent with:  (1) the secondary and limited role of federal habeas vis-á-vis direct review, *id.*; (2) the comity afforded state court adjudications through the exhaustion requirement, *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); (3) the "frequent recognition that AEDPA limited rather than expanded the availability of habeas relief", *Fry v. Pliler*, __U.S.__, 127 S. Ct. 2321, 2327 (2007); and (4) the well-accepted proposition that discovery is not available as a matter of ordinary course in federal habeas cases. *Bracy*, 520 U.S. at 904.

Virtually every state-law claim can be transformed by a habeas petitioner into an alleged federal constitutional violation with express reference to the Fourteenth Amendment and an alleged denial of a fundamentally fair trial.  The State submits that a habeas petitioner fails to demonstrate "good cause" for discovery of extra-record materials where, as here, the purported federal constitutional claim relies upon little more than state law grounds and where the state court rejected the same discovery request because it determined the record was sufficient to assess prejudice.  Such a claim simply does not show that the requested factual development through discovery may warrant habeas relief as required by *Bracy, supra*.  The requested discovery should therefore be denied.

## CONCLUSION

Based on the foregoing, Petitioner's second motion for discovery should be denied.

Respectfully submitted,

**s/ SETH S. BRANHAM**
**SETH S. BRANHAM, OBA #18019**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK  73105
(405) 521-3921 (Voice)
(405) 522-4534 (Fax)

**COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

On this 26th day of November, 2008, I certify that a true and correct copy of the foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Henricksen
Lanita Henricksen
Henricksen & Henricksen Lawyers, Inc.
600 N. Walker, Suite 220
Oklahoma City, OK 73102-3035
e-mail:         mark.henricksen@coxinet.net
                henricksen.lanita@coxinet.net

s/ SETH S. BRANHAM

16