# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GLOSSIP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIV-08-326-HE |
| | ) | |
| RANDALL WORKMAN, Warden, | ) | |
| Oklahoma State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITION FOR A WRIT OF HABEAS CORPUS

_____

March 2, 2009

_____

**MARK HENRICKSEN, OBA # 4102**
**LANITA HENRICKSEN, OBA# 15016**
HENRICKSEN & HENRICKSEN
LAWYERS, INC.
600 North Walker, Suite 220
Oklahoma City, Oklahoma 73102-3035
(405) 609-1970
(405) 609-1973 (Facsimile)
mark.henricksen@coxinet.net
henricksen.lanita@coxinet.net

# TABLE OF CONTENTS

GROUND I:   THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND SENTENCE OF DEATH UNDER THE REQUIREMENTS OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUND III:   THE TRIAL COURT ERRED IN PERMITTING THE STATE TO DISPLAY SELECTIVE PORTIONS OF CERTAIN WITNESSES' TESTIMONY THROUGHOUT THE TRIAL BECAUSE IT OVEREMPHASIZED THAT TESTIMONY, CONSTITUTED A CONTINUOUS CLOSING ARGUMENT, AND VIOLATED THE RULE OF SEQUESTRATION OF WITNESSES . . . . . . . . . . . . . . 7

GROUND V:   MR. GLOSSIP WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

GROUND VIII:   THE TRIAL COURT ERRED IN ALLOWING IMPROPER VICTIM IMPACT TESTIMONY DURING THE SENTENCING STAGE, VIOLATING MR. GLOSSIP'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

GROUND IX: THE TRIAL COURT'S VOIR DIRE PROCESS VIOLATED MR. GLOSSIP'S RIGHTS PROTECTED BY THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS T THE UNITED STATES CONSTITUTION AND CORRESPONDING PROVISIONS OF THE OKLAHOMA CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

GROUND XII:   TRIAL AND APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE THAT JUDICIAL BIAS SO INFECTED THE PROCEEDINGS HAT MR. GLOSSIP WAS DENIED HIS DUE PROCESS RIGHT T A FAIR TRIAL IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aycox v. Lylle*, 196 F.3d 1174 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Baldwin v. Reese*, 541 U.S. 27 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Bland v. Sirmons*, 459 F.3d 999 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Brecht v. Abrahamson*, 507 U.S. 619 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

*Bryan v. Mullin*, 335 F.3d 1207 (10th Cir. 2003)(en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Chandler v. Florida*, 449 U.S. 560 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Chapman v. California*, 386 U.S. 18 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

*Duckworth v. Serrano*, 454 U.S. 1 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Glasser v. United States*, 315 U.S. 60 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hicks v. Oklahoma*, 447 U.S. 343 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

*Jackson v. Virginia*, 443 U.S. 307 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Kotteakos v. United States*, 328 U.S. 750 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Miller v. Champion*, 161 F.3d 1249 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*O'Neal v. McAninch*, 513 U.S. 432 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

*Parrish v. Small*, 325 F.3d 1131 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Payne v. Tennessee*, 501 U.S. 808 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ross v. Oklahoma*, 487 U.S. 81 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Times-Picayune Publishing Corp. v. Schulingkamp*, 419 U.S. 1301 (1974) . . . . . . . . . . . . . . . 11

*United States v. Scott*, 529 F.3d 1290 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Downen*, 496F.2d 314 (10th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*United States v. Nickl*, 427 F.3d 1286 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Uttecht v.Brown*, 551 U.S. ___,  127 S.Ct. 2218 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Welch v. Sirmons*, 451 F.3d 675 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Wilson v. Sirmons*, 536 F.3d 1064 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . 5, 14, 15, 16, 18, 22

*Young v. Sirmons*, 486 F.3d 655 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16


## STATE CASES

*Ryan Golden*, 2006 OK CR 2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


## FEDERAL STATUTES

28 U.S.C. § 2254(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. §2254(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. §2254(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21


## STATE STATUTES

Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18  . . . . . . . . . . . . . . . . . . . . . . 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RICHARD GLOSSIP,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )   **Case No. CIV-08-326-HE** |
| | ) |
| **RANDALL WORKMAN, Warden,** | ) |
| **Oklahoma State Penitentiary,** | ) |
| | ) |
| **Respondent.** | ) |

**PETITIONER'S REPLY TO RESPONDENT'S
RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

In replying to the Response to Petition For Writ of Habeas Corpus filed by the

Respondent, Mr. Glossip first points out that even though the Respondent claims that

some of Mr. Glossip's federal claims were not presented in state court, Mr. Glossip

asserts that his claims presented to this Court are the same claims presented in state

court and not merely "somewhat similar state-law claims" which were presented in

state court; the claims are federal in nature; and that the federal claims were fairly

presented to the state court. In fact, Mr. Glossip in his Petition followed the order

in which the claims were presented on direct appeal, and in his application for post

conviction relief, to avoid any suggestion that his federal claims were not fairly

presented in state court.

In regards to harmless error, Mr. Glossip acknowledges, as Respondent points

1

out, that in conducting harmless error review this court applies the test set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) if the error is not structural, determining whether the error "had substantial and injurious effect or influence in determining the jury's verdict."   A "substantial and injurious effect" exists if the court finds itself in "grave doubt" about the effect of the error on the jury's verdict. *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995).   However, a state court conducts a proper harmless error analysis by application of the test set forth in *Chapman v. California*, 386 U.S. 18 (1967), and references to *Chapman* in Mr. Glossip's Petition and this Reply are to the analysis which the OCCA used, or should have used, in determining harmless error.


**GROUND I:   THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND SENTENCE OF DEATH UNDER THE REQUIREMENTS OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

The Respondent claims Mr. Glossip did not fully exhaust this claim in state court, claiming that to the extent Mr. Glossip relies upon *Hicks v. Oklahoma*[1] for his proposition that a criminal defendant has a federal constitutional right to statutorily-conferred rights and that "denial of those rights constitutes a violation of due process",

---

[1]447 U.S. 343 (1980).

this aspect of Mr. Glossip's Ground I is unexhausted because *Hicks v. Oklahoma* was not cited in state court and that this particular argument was not advanced in state court.   Doc. 43 at 13.

Mr. Glossip did not merely articulate a "somewhat similar state-law claim" in state court, nor has he asserted in this Court "entirely different arguments from those raised before the state court" as charged by the Respondent.   Doc. 43 at 13.   On direct appeal Mr. Glossip in Proposition I of his brief specifically claimed that the evidence was "insufficient to sustain a conviction and sentence of death under the requirements of the Eighth and Fourteenth Amendments of the United States Constitution and corresponding provisions of the Oklahoma Constitution."[2]   Mr. Glossip immediately set forth in his brief at the beginning of his claim of insufficiency of the evidence that "Due Process requires this Court to examine the sufficiency of evidence by determining whether, after reviewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the charged crimes beyond a reasonable doubt", citing *Spuehler v. State*[3], adopting the standard in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[4]       The brief

---

[2]Brief of Appellant at 10, (D-2005-310) (Okla. Crim. App.)

[3]709 P.2d 202, 203-04 (Okla. Cr. 1985).

[4]Brief of Appellant, at 10.

3

immediately thereafter contained a summary of the claim before discussing the claim at length.

Certainly, a habeas petitioner must present the substance of his claim to the state court prior to raising the claim in federal court in order to allow the state the opportunity to "correct alleged violations of [his] federal rights". *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). In *Baldwin* the petitioner had claimed in state court that his imprisonment was in violation of Oregon state law and that **trial** counsel's conduct "violated several provisions of the Federal Constitution", but "did not say that his separate **appellate** 'ineffective assistance' claim violated federal law." Id. at 29-30. The circuit court of appeals had held that there was a fair presentation of the claim because the state supreme court justices could have read the lower state court's opinion, and if they had read that opinion the "justices would have, or should have, realized that [the petitioner's] claim rested on federal law." *Id.* at 30. The Supreme Court held that state court justices are not required to read lower court opinions in order to realize that a petitioner had asserted a federal claim. *Id.* 31. The Court, however, stated that a litigant wishing to raise a federal claim "can easily indicate the federal law basis for

his claim" by several ways, including "by simply labeling the claim 'federal.'".   *Id*. at 32.

Clearly, Mr. Glossip more than fairly presented his federal claim to the state court.

The Respondent, erroneously believing that Mr. Glossip did not exhaust this portion of Ground I in state court, and believing that Mr. Glossip made no attempt to meet the "cause and prejudice" or the "miscarriage of justice" exceptions to overcome his failure to exhaust the claim in state court, turned "to the merits of that portion of the instant ground for relief that was actually exhausted in state court." Doc. 43 at 14. Mr. Glossip submits that the failure of the Respondent to address the portion of Mr. Glossip's claim which Respondent deemed to be unexhausted results in the waiver of any argument against this aspect of Mr. Glossip's claim should this Court determine that Mr. Glossip did in fact include a federal claim in state court.   *Wilson v. Sirmons*, 536 F.3d 1064, 1091-92 (10th Cir. 2008) (Respondent failed to argue grounds for affirmance of the State Court decision, the argument was waived).

The Respondent claims that there was sufficient evidence to allow any rational trier of fact to find beyond a reasonable doubt that Mr. Glossip was a principal to the murder of Barry VanTreese. Doc. 43 at 20. The Respondent further claims that Mr. Glossip is not entitled to habeas relief on his claim that the "prosecution failed to

present adequate corroboration to satisfy Oklahoma's accomplice-corroboration rule",

relying on an unpublished Tenth Circuit habeas case that held:

> "[f]ederal law does not require independent corroboration of accomplice
> testimony: 'a jury may convict based on the uncorroborated testimony
> of a co-conspirator.' The OCCA's application of the more demanding
> Oklahoma standard requiring independent corroboration is not contrary
> to the less rigorous federal standard."

Doc. 43 at 20-21, citing *Watson v. Howard*, 123 Fed. Appx. 910, 917-18 (10th Cir.

1999).

Mr. Glossip sets forth in his Petition that he is entitled to his statutorily

conferred rights even when such rights are not protected under the federal

constitution, and denial of those rights constitutes a violation of due process. *Hicks v.*

*Oklahoma,* 447 U.S. 343, 346 (1980).   Doc. 25 at 22.  Mr. Glossip claimed that the

evidence did not meet the  standard set out in *Jackson v. Virginia*, 443 U.S. 307

(1979), or meet the statutory requirements of 22 O.S. (2001) §742.  Even if the

*Jackson* test was met, still the higher hurdle of 22 O.S. (2001) §742 must be met,

which Mr. Glossip claims was not met.

The Oklahoma Court of Criminal Appeals has acknowledged that a defendant

is entitled to statutorily conferred rights, even when such rights are not protected

under the federal constitution, and denial of those rights constitutes a violation of due

process.    *Ryan Golden,* 2006 OK CR 2, ¶ 13, citing *Hicks v. Oklahoma,* 447 U.S.

6

343 (1980) (denial of petitioner's statutory right to have jury determine punishment

constituted a violation of due process.)  See also, *Ross v. Oklahoma,* 487 U.S. 81, 89

(1988).(The denial of a statutory right is impaired "only if the defendant does not

receive that which state law provides".)


**GROUND III:**   **THE TRIAL COURT ERRED IN PERMITTING THE STATE TO DISPLAY SELECTIVE PORTIONS OF CERTAIN WITNESSES' TESTIMONY THROUGHOUT THE TRIAL BECAUSE IT OVEREMPHASIZED THAT TESTIMONY, CONSTITUTED A CONTINUOUS CLOSING ARGUMENT, AND VIOLATED THE RULE OF SEQUESTRATION OF WITNESSES.**


Mr. Glossip makes the following reply to the Respondent's response to Ground

III of Mr.  Glossip's Petition.

This claim is exhausted.

The Respondent claims in its Response  that this claim is unexhausted and

procedurally barred from habeas review on independent and adequate state grounds,

claiming that Mr. Glossip presented a "similar state-law claim to the OCCA", but that

"no federal basis for his challenge to the prosecutor's use of demonstrative exhibits

was exhausted in state court."   Doc. 43, at 33.  To the contrary,  Mr. Glossip's direct

appeal brief included Proposition III[5]  which is the same claim presented  in Ground

III in his habeas petition.   Doc 25, at 82.    Proposition III of the direct appeal brief

raised several complaints regarding the posters, concluding that there was a violation

of the "Due Process clause and notions of a fair trial" and that Mr. Glossip was

"prejudiced by the actions of the prosecuting attorneys and the trial court" and that the

error cannot be harmless[6].

Alternatively, Respondent argues in his Response  that if Mr. Glossip did

exhaust a federal basis for the instant claim in state court, he would not be entitled to

habeas relief under the AEDPA because the OCCA rejected this claim on the merits

and  its decision was "wholly reasonable."  Doc. 43 at 37-38.

Failure to sequester the jury.

Mr. Glossip included in his claim in Ground III of his Petition that the display

of the posters resulted in the failure to sequester the jury.  Doc 25 at 88.  He also

---

[5]Mr. Glossips Brief of Appellant, p. 42 filed December 15, 2005 in the OCCA.  Further,
although not a habeas case,  in *Lambert v. Midwest City Memorial Hospital Authority,*
671 F.2d 372,  (10th Cir. 1982) the Court stated

> "We note at the outset, that boh Lambert and Hospital, in addressing this
> issue, do not set forth federal case law, but, rather, rely exclusively on the
> law of the State of Oklahoma.   However, the question of whether the
> actions of a trial court provided an adequate remedy for an improper
> closing argument, involves a procedural issue controlled by federal, not
> state law."

[6] *Id*. at 49.

8

claimed that the OCCA failed to review this subclaim on the merits.   Id. at 90.

The Respondent claims that "no such claim was raised in state court."  Doc. 43 a 38 n.4.  However,  Proposition III of Mr. Glossip's direct appeal brief specifically included the claim that  the trial court's error in permitting the display of the posters "violated the rule of sequestration of witnesses." [7]  It is clear that Mr. Glossip included this subclaim in his state court appeal.    The Respondent does acknowledge  that if Mr. Glossip "means the rule-of-sequestration aspect of this claim" that the claim was in fact presented in state court. Doc. 43 at 38, n.4.    Still, the Respondent disagrees with Mr. Glossip's claim that the OCCA did not review this particular subclaim.  *Id*.  Mr. Glossip maintains his claim that this particular part of his claim was not reviewed by the OCCA and that the error was not harmless beyond a reasonable doubt which is the standard which the OCCA should have used in a review of the claim.  *Chapman v. California*, 386 U.S. 18 (1967).  See Doc. 25 at 90.   If this portion of the claim was not reviewed by the OCCA then the deference provided in §2254(d) does not apply.

Should this Court determine that the Respondent is correct in its assertion that the OCCA included this subclaim in its merits review, still Mr. Glossip is entitled to relief on his claim under 28 U.S.C. § 2254(d) as a determination that the error was harmless was contrary to or an unreasonable application of *Chapman*.  In determining

---

[7]Brief of Appellant at 42.

harm, a petitioner in a federal habeas case is entitled to relief if the constitutional error complained of had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)[8]. Where the reviewing court is in "grave doubt" about the effect of an error on the verdict such that the matter is evenly balanced or in "virtual equipoise", the reviewing court treats the error as if it had a substantial and injurious effect. *O'Neal v. McAninch,* 513 U.S. 432, 435 (1995).

Mr. Glossip maintains that he is entitled to relief on each subclaim contained in his claim presented in Ground III, but clearly the aggregate of the errors deprived him of due process and a fundamentally fair trial. The posters were first utilized during the testimony of the State's first witness, Donna VanTreese, spouse of the victim. (Tr. IV 99-100). Clearly, the posters were present during the testimony of Kenneth VanTreese, the brother of the victim. (TR XI 127). In an Affidavit of Christopher Evangelista, one of the jurors, [9] he stated that he found the posters to be "very helpful in understanding the prosecution's side of the story."

The Supreme Court has acknowledged that sequestration of a jury is a means

---

[8]Pursuant to *Fry v. Pliler*, 127S.Ct. 2321 (2007), a determination that an error was not harmless under Brecht also equates to a finding that a state court's prior determination that the same error was harmless under Chapman was unreasonable for §2254(d) purposes.

[9]The Affidavit is included as Attachment 8 to Petitioner's Appendix, and was included as non-record material in Mr. Glossip's request for an evidentiary hearing in state court.

for protecting a defendant's "rights to a fair trial." *Times-Picayune Publishing Corp. v. Schulingkamp*, 419 U.S. 1301, 1309 & n.3 (1974).  The Court also stated "[t]his Court also has shown a special solicitude for preserving fairness in a criminal  trial."  *Id*. at 1307.

In *Chandler v. Florida*, 449 U.S. 560, 582 (1981) the Court stated that "[w]e must assume state courts will be alert to any factors that impair the fundamental rights of the accused."   In Mr. Glossip's case not only did the trial court fail to be alerted to the factors that impaired Mr. Glossip's fundamental right to a fair trial, the court in fact contributed greatly to the violation of Mr. Glossip's constitutionally protected right to a fair trial.  "Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused."  *Glasser v. United States,* 315 U.S. 60, 71 (1942).

In *United States v. Downen*, 496F.2d 314, 319 (10th Cir. 1974) the Government used a blackboard to summarize its theory of the case, including "a brief description of each vehicle involved, the vehicle VINS, with dates noted when the respective vehicles were stolen."   In that case the trial court had "carefully admonished the jury with regard to the precise and limited purpose of the exhibit during trial" and "painstakingly instructed the jury that matters on the blackboard contained only the Government's theory of the case and were not evidence."  *Id*. at 310.  The Court held

11

that

> "We hold that nothing contained on the blackboard chart could have prejudicially influenced the juror's verdicts, in light of the careful and detailed cautionary instructions given by the Trial Court that it was not evidence and contained information relating only, in part, to the Government's theory of the case which must be proved beyond a reasonable doubt in order to have evidentiary value."

*Id.* at 320. In Mr. Glossip's case, the trial court took no steps to ensure that Mr. Glossip's conviction and sentence were the result of due process and a fundamentally fair trial. "If one cannot say, with fair assurance, . . . that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected." *Kotteakos v. United States*, 328 U.S. 750, 765 (1946).

In *Parrish v. Small*, 325 F.3d 1131, 1134 (9th Cir. 2003) the Court vacated the district court's denial of relief and remanded for an evidentiary hearing on petitioner's shackling claim. While it was undisputed that petitioner was handcuffed to a chair during trial, neither the state courts nor the federal district court provided a hearing to determine what the jury saw, electing instead to attempt to resolve that question based only on the trial transcript. The Ninth Circuit, however, found that "the trial transcript does not reveal with any precision what the jury saw," and concluded that the state court's finding that the jury only noticed the handcuffs when petitioner was required to stand during one witness' testimony "was based on an unreasonable determination of the facts in light of the evidence presented . . ." After noting that the state had not

12

contended that petitioner "failed to develop" the facts supporting his claim in state court, the Ninth Circuit Court remanded for an evidentiary hearing.

Mr. Glossip is entitled to relief due to the errors set forth in Ground III.   At the very least he is entitled to an evidentiary hearing on this claim.


**GROUND V:    MR. GLOSSIP WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**.

Mr. Glossip presented a claim of ineffective assistance of counsel  in Ground V of his Petition, claiming that trial counsel was ineffective for failing to utilize Justin Sneed's videotaped interview of January 14, 1997, to cross-examine both Mr. Sneed and Detective Bemo at Mr. Glossip's trial.  Doc. 25 at 115.  Use of the interview would have illustrated the manner in which the detectives manipulated Mr. Sneed into implicating Mr. Glossip in the crime, and it would have shown the many discrepancies between Mr. Sneed's interview, his 1998 testimony given at Mr. Glossip's first trial, and his 2004 testimony given at the retrial of Mr. Glossip.  Doc. 25 at 118-123.

Mr. Glossip also claimed that trial counsel was ineffective for failure to use available evidence to cross-examine witnesses with a document showing shortages of money at the Tulsa Best Budget Inn and the Oklahoma City inn, which would have been extremely helpful in Mr. Glossip's defense.   Doc. 25 at 124-127.

13

Mr. Glossip filed a Motion For Evidentiary Hearing in this Court on his claims of ineffective assistance of counsel and attached materials in support thereof. Doc. 42.

The Respondent states that even though the videotaped interview was not part of the record because it was not introduced at trial, the OCCA nonetheless considered the contents of the videotape and rejected the claim on the merits. Doc. 43 at 64.

Mr. Glossip contends that the decision of the OCCA involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. §2254(d).

However, on December 2, 2008, the Tenth Circuit Court of Appeals issued an order requiring briefing on issues regarding Rule 3.11(B)(3)(b) of the *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2002). In *Wilson v. Sirmons*, 536 F.3d 1064, 1074, 1080 (10th Cir. 2008) the petitioner was granted an evidentiary hearing on his claim of ineffective assistance of counsel due to the ruling of the Tenth Circuit that the OCCA had not adjudicated on the merits, inclusive of the non-record materials, the petitioner's claim. The Respondent in *Wilson* sought rehearing *en banc*. The Tenth Circuit granted the state's petition for rehearing *en banc,* and requested briefing on the following issues:

14

(1) When a defendant bases his claim of ineffective assistance of counsel in part on non-record evidence proffered under Oklahoma Rule 3.11, and the OCCA denies the motion for an evidentiary hearing and also denies the ineffective assistance of counsel claim without refrence to the proffered non-record evidence, is the OCCA's decision on the defendant's ineffective assistance claim an "adjudication on the merits" warranting deference under §2254(d)?

(2) What effect, if any, does the extent of the OCCA's discussion of the Rule 3.11 motion, and the proffered non-record evidence, have on whether the OCCA's decision on the petitioner's ineffective assistance of counsel claim is entitled to deference under §254(d)?  The briefs should consider circumstances where the OCCA denial, (a) is made summarily without reasoning or discussion of the Rule 3.11 materials, or otherwise lacks substantial reasoning, (b) cites to Rule 3.11 but does not discuss proffered evidence, or (c) cites to Rule 3.11 and discusses proffered evidence.

*Wilson v. Sirmons*, No. 06-5179, slip op. at 3-4 (10th Cir. Dec. 2, 2008)(en banc)(order).    Therefore, issues relevant to Mr. Glossip's claim of ineffective assistance of counsel and his request for evidentiary hearing are pending in the Tenth Circuit Court of Appeals in the *Wilson* case.  Because the *en banc* ruling of the Tenth Circuit in *Wilson v. Sirmons* will have to some extent an effect on Mr. Glossip's claim of ineffective assistance of counsel and his request for evidentiary hearing, he should have the benefit of the ruling.  In the Tenth Circuit's Order granting the State's petition for *en banc* review in *Wilson*, the Court stated:

Some prior cases in this court have applied AEDPA deference to ineffective assistance of counsel claims when the OCCA denied a request for an evidentiary hearing under Rule 3.11. *See, e.g. Bland v. Sirmons,* 459 F.3d 999, 1029-33 (10th Cir. 2006); *Welch v. Sirmons*, 451 F.3d 675, 708-09 (10th Cir. 2006); [other citations omitted]

Other cases have applied de novo review when the OCCA denies a request for an evidentiary hearing with little or no explanation and rejects the claim of ineffective assistance of counsel without reference to the evidence the defendant sought to introduce pursuant to Rule 3.11. *See, e.g., Wilson*, 536 F.3d at 1080; *Young v. Sirmons*, 486 F.3d 655, 680 (10th Cir. 2007); *Bryan v. Mullin*, 335 F.3d 1207, 1215 (10th Cir. 2003)(*en banc*).  In a related line of cases, we have treated state court summary decisions as adjudicat[ions] on the merits", entitled to AEDPA deference, even when the decisions lack substantial reasoning.  *See Aycox v. Lylle*, 196 F.3d 1174, 1177 (10th Cir. 1999) . . .

*Wilson v. Sirmons*, No. 06-5179, slip op. at 2-3 (10th Cir. Dec. 2, 2008)(en banc)(order).  Thus, Mr. Glossip's claim of ineffective assistance of counsel and his request for an evidentiary hearing have application to the *en banc* decision to be rendered in *Wilson*, especially since Mr. Glossip was not granted an evidentiary hearing in state court.

**GROUND VIII:   THE TRIAL COURT ERRED IN ALLOWING IMPROPER VICTIM IMPACT TESTIMONY DURING THE SENTENCING STAGE, VIOLATING MR. GLOSSIP'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

Mr. Glossip claimed in his Proposition VIII in his direct appeal brief that the improper victim impact evidence admitted in the second stage of his trial constituted

16

a violation of Oklahoma statutes, the Evidence Code, and the Due Process Clause of

the Fourteenth Amendment, thereby presenting a federal claim, and fulfilling the

exhaustion requirement for purposes of habeas review.[10]  In Mr. Glossip's Petition For

Writ of Habeas Corpus he relied in part on *Hicks vs. Oklahoma* in support of his claim

that violation of the provisions of Oklahoma statutory provisions, contained in 21 O.S.

(2001) § 984, for the admission of victim impact evidence was violated.  He also

claimed that the victim impact evidence presented in second stage of his trial was

prohibited by *Payne v. Tennessee*, 501 U.S. 808 (1991)   The emotionally-charged

victim impact testimony greatly exceeded the "quick glimpse" of the personal

characteristics of the victim authorized by *Payne*.


**GROUND IX: THE TRIAL COURT'S VOIR DIRE PROCESS VIOLATED MR. GLOSSIP'S RIGHTS PROTECTED BY THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS T THE UNITED STATES CONSTITUTION AND CORRESPONDING PROVISIONS OF THE OKLAHOMA CONSTITUTION.**

Mr. Glossip complained in Ground IX of his Petition that the trial court

improperly questioned jurors during voir dire regarding their ability to impose the

death penalty.   The trial court made numerous attempts to clarify the standard for

consideration of the sentencing options, instructing them that they had to give "equal

---

[10] Brief of Appellant, at 83.

heartfelt" consideration, and consider all three punishments "equally". The Respondent in its Response states that "the manner and method of voir dire is within the discretion of the trial judge who retains "great flexibility" in conducting voir dire", relying on *Wilson v. Sirmons*, 536 F.3d 1064, 1097 (10th Cir. 2008) wherein the Court stated that a "trial court retains great flexibility in conducting voir dire." *Id.* However, that hold did not address the improper questioning which Mr. Glossip complains about, but dealt with the "juror's personal views on the death penalty would impair their ability to render an impartial verdict." *Id.* The complaint in *Wilson* was that the "trial court began its examination of the issue by inquiring whether each juror was 'opposed to or in favor of the death penalty'", and only after the court asked that question did the court "ask whether . . . the juror 'would automatically vote against the death penalty, regardless of the evidence and the law'". *Wilson v. Sirmons*, 536 F.3d at 1096. *Wilson* does not grant a trial court the ability to use improper standards in ascertaining the ability of a juror to properly perform his or her function as a juror.

The error which permeated the entire voir dire in Mr. Glossip's case and the excusal of Jurors Mary Lawton and Sharon Moore are not subject to harmless error analysis. *Uttecht v.Brown*, 551 U.S. ___, 127 S.Ct. 2218, 2224 (2007).

**GROUND XII:     TRIAL AND APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE THAT JUDICIAL BIAS SO INFECTED THE PROCEEDINGS HAT MR. GLOSSIP WAS DENIED HIS DUE PROCESS RIGHT T A FAIR TRIAL IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

The Respondent argues that Mr. Glossip's substantive claim of judicial bias is "exceptionally weak",  for the reason that  the emotional state of the trial judge was due to the death of a close personal friend who had died several hours earlier that day. Doc. 43 at 130. The trial judge was crying over the death of a human being. Likewise, the case before the jury was about the death of a human being, but also a death allegedly brought about by first degree murder.  The trial judge's statement to the jury was made just before the opening statement of the defense.  The state had made its opening argument at the end of the day on May 13, 2004.  (Tr.III 201-225). First thing the next morning the trial judge made the statement to the attorneys for both sides that had spoken to the jury[11] to explain her "situation" and that "if I find I just can't concentrate on the evidence or that I'm just sitting up here unable to control my emotions, then I'll just be honest with you guys and tell you I've got to go home." (Tr.IV, 5).   Mr. Glossip's trial attorney then made his opening statement.

---

[11]The statement to the jury took place outside the presence of the attorneys and Mr. Glossip.

19

Immediately thereafter the wife of Barry VanTreese, the victim, was called by the state to testify as the state's first witness. *Id*. at 25.   In the Affidavit of Steve Leedy, an investigator with the Tulsa Capital Trial Division, he states that at the end of second stage he noticed that the trial judge "appeared to be teary eyed."[12]   Therefore, the emotion was present in both stages of the trial.   The emotion clearly sent a message about the impact that a death can have and certainly affected second stage. A portion of the victim impact testimony of Mrs. VanTreece was that "[a]s I set here writing this, I am compelled to scream and cry and try to let you get a glimpse of the impact a death can have on a family." Tr.XVI at 87-88.  The trial court's emotion was prejudicial to Mr. Glossip.

Arguably, Mr. Glossip may not have a claim  if the trial judge had cried or became emotional over some event such as the loss of a home, or job, or some other event which normally would cause one to become emotional.    However, this emotional state was due to sadness over a death, whether it be sadness wrought by the death of Mr. VanTreece or the death of the  trial judge's friend.

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement .... preserves both the

---

[12]The Affidavit is included as Attachment 9 to Mr. Glossip's Appendix, and was included in the non-record material presented with his request for evidentiary hearing in state court.

20

*appearance* and reality of fairness generating the feeling, so important to a popular government, that justice has been done. . . ."   *United States v. Scott*, 529 F.3d 1290, 1297 (10th Cir. 2008) citing *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 240 (1980). (emphasis added)   The Court went on to say that in order for a claimant to "demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an *appearance* of bias."   *United States v. Scott*, 529 F.3d at 1297, citing *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005).   (emphasis added)

The decision of the OCCA that Mr. Glossip did not "overcome the presumption of judicial impartiality" was contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court, and Mr. Glossip is entitled to habeas relief.   28 U.S.C. §2254(d)(1).

### CONCLUSION

Mr. Glossip has presented federal claims showing that is conviction and sentence were the result of violations of his rights guaranteed under the United States Constitution and that he is entitled to habeas relief.

At the very least he is entitled to an evidentiary hearing as requested in his Petition for Writ of Habeas Corpus and Motion For Evidentiary Hearing, since he was denied a hearing in state court and  was diligent in his attempts to develop his claim

21

in state court, and his allegations, if proved, would entitle him to relief.   *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998); *Wilson v. Sirmons*, 536 F.3d 1064, 1074 (10th Cir. 2008).

Respectfully submitted,


/S/Mark Henricksen_____
MARK HENRICKSEN, OBA #4102
HENRICKSEN & HENRICKSEN
Lawyers, Inc.
600 North Walker, Suite 220
Oklahoma City, Oklahoma 73102-3035
     (405)609-1970
     (405)609-1973 facsimile
mark.henricksen@coxinet.net
Attorney for Respondent


CERTIFICATE OF SERVICE

On this 2nd day of March, 2009, I certify that a true and correct copy of the foregoing Reply was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Seth S. Branham
Assistant Attorney General
313 NE 21st Street
Oklahoma City, Oklahoma 73105
 e-mail:   fhc.docket@oag.state.ok.us
Attorney for Respondent


/S/Mark Henricksen_____
MARK HENRICKSEN, OBA #4102