# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   NO. CIV-08-0326-HE |
| | ) |
| RANDALL WORKMAN, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

In 1998 petitioner Richard Glossip was convicted in Oklahoma state court of first degree murder. Glossip was sentenced to death but his conviction was reversed by the Oklahoma Court of Criminal Appeals ("OCCA") based on ineffective assistance of trial counsel.[1] He was retried and was again convicted of first degree murder and sentenced to death.[2] Glossip filed a direct appeal and the OCCA, with two judges dissenting, affirmed his conviction and sentence. After the OCCA denied his petition for rehearing and application for state post-conviction relief, Glossip initiated this federal habeas action. In addition to his petition for writ of habeas corpus, petitioner has filed motions for discovery and an evidentiary hearing.[3] The motion for discovery, which pertains to Ground III of the habeas

---

[1]*Glossip v. State*, 29 P.3d 597 (Okla. Crim. App. 2001) ("*Glossip I*").

[2]*The state filed a bill of particulars charging that Glossip should be punished by death due to the existence of two aggravating circumstances: 1) the murder was committed for remuneration or the promise of remuneration and (2) the existence of a probability that the petitioner would commit criminal acts of violence that would constitute a continuing threat to society. The jury found the murder for remuneration aggravator.*

[3]*This is the petitioner's second motion for discovery. His first was denied as being premature. See Doc. #20.*

petition, and respondent's exhaustion challenge to Ground III will be addressed in this order.

## Factual Background[4]

Glossip managed the Best Budget Inn in Oklahoma City and lived with his girlfriend, D-Anna Wood, in an apartment connected to the motel office. Glossip allowed Justin Sneed, a nineteen year old, to stay at the motel rent-free in exchange for performing maintenance work on the property. Barry Van Treese, who lived in Lawton, Oklahoma, owned the motel and another Best Budget Inn in Tulsa. During the early morning hours of January 7, 1997, while Van Treese was sleeping in a room at the Oklahoma City motel, Sneed entered the room and severely beat him with a baseball bat, killing him. Sneed admitted the crime, pleaded guilty, and testified against Glossip. Sneed claimed Glossip promised him money to kill Van Treese. In exchange for his testimony, Sneed received a sentence of life without parole.

Glossip asserts thirteen grounds for relief in his habeas petition . He seeks discovery with respect to Ground III, in which he claims the trial court erred in allowing the state "to display selective portions of certain witnesses' testimony throughout the trial because it overemphasized that testimony, constituted a continuous closing argument, and violated the rule of sequestration of witnesses." Habeas Petition, p. 82. Petitioner's motion for evidentiary hearing is directed at Ground III, and also Grounds V, XI, and XII, which consist

---

[4]*The OCCA outlined the relevant underlying facts of the case in detail in Glossip v. State, 157 P.3d 143 (Okla. Crim. App. 2007), cert. denied., 552 U.S. 1167 (2008)("Glossip II"). They are briefly summarized here and will be discussed in more detail as appropriate.*

2

of various allegations of ineffective assistance of counsel.

**<u>Ground III –Exhaustion and Discovery</u>**

Petitioner seeks production of demonstrative exhibits made by prosecutors and displayed throughout the first stage of his second trial.[5] Over defense objection, the trial court "allow[ed] the State to post summaries of witness testimony throughout the courtroom and to leave [those] demonstrative exhibits visible to jurors and later witnesses, from the time they were first crafted until the conclusion of the first stage of Glossip's trial." Glossip v. State, 157 P.3d 143, 165 (Okla. Crim. App. 2007)(Chapel, J., dissenting), *cert. denied.*, 552 U.S. 1167 (2008) ("Glossip II"). The trial court then refused to permit defense counsel to preserve the demonstrative exhibits for appellate review either by making them part of the original record or allowing defense counsel to photograph them.

Respondent opposes the discovery arguing that the "federal aspect" of Ground III was unexhausted in state court, that the existing record is adequate, and that petitioner's challenge to the use of the exhibits has no substantial federal constitutional basis. Petitioner briefly addresses respondent's exhaustion argument in the reply brief he filed in support of his habeas petition.[6] He claims he asserted, in Proposition III of his direct appeal brief, that "there was a violation of the 'Due Process clause and notions of a fair trial,'" that he was "'prejudiced by the actions of the prosecuting attorneys and the trial court' and that the error

---

[5]*Although posters used by the defense during the trial were not preserved, see Glossip II, 157 P.3d at 170 n.27, the respondent possesses the posters the State used. Id. at 170; respondent's response to petitioner's second discovery motion, p. 10 [Doc. #32].*

[6]*Petitioner did not file a reply brief in support of his motion to compel.*

cannot be harmless." Petitioner's reply, p. 8 [Doc. #47].

"Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies-that is, unless doing so would be futile because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." Fairchild v. Workman, 579 F.3d 1134, 1155 (10th Cir. 2009) (internal quotations omitted). "[E]xhaustion of state remedies requires that petitioners fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (internal quotations omitted).

Respondent argues that, although petitioner asserts a federal due process violation based on the demonstrative exhibits in Ground III of his habeas petition, he did not present the claim in state court as a violation of a federal right. The court disagrees. While the federal basis for petitioner's claim could have been more clearly pleaded, he did contend in his initial appellate brief that, because of the prosecutor's unfair tactics, his "right to due process and a fair trial was prejudiced as a result." Brief of Appellant, p. 46.[7] He also concluded Proposition III of his appellate brief with the statement that: "Trial by poster cannot be allowed in a criminal proceeding. The Due Process clause and notions of a fair trial simply will not permit it." *Id.* at p. 49. *See* Baldwin v. Reese, 541 U.S. 27, 32 (2004)

---

[7]*Respondent's response to petitioner's second motion for discovery, Exhibit A [Doc #32].*

4

("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"); Nichols v. Sullivan, 867 F.2d 1250, 1252-53 (10th Cir. 1989); Carrier v. Marr, 1999 WL 1244474, at *2 (10th Cir. 1999) (unpublished) ("In his discussion on prosecutorial misconduct, he not only referred to the elements of prosecutorial misconduct contained in the Berger case, but more importantly ended by stating the prosecutor's improper comments 'affected the fairness of the trial.' No matter how inartfully pleaded, we believe, under these particular facts, Mr. Carrier sufficiently alerted the state court of his federal constitutional due process claim."). In his Petition for Rehearing[8] petitioner also asserted that the "idea of plastering the courtroom with posters containing snippets of testimony from ordinary witnesses ... is ... foreign to the concepts of due process and a fair trial," and that "[t]he manner in which the posters were used in this case violated due process and denied Mr. Glossip a fair trial as guaranteed by the United States Constitution."[9] Petition for Rehearing, pp. 8-9. *See generally* Duncan, 513

---

[8]*Respondent's response to petitioner's second motion for discovery, Exhibit F.*

[9]*The court has attached minimal significance to what was pleaded in the Petition for Rehearing because of the applicable standard for such petitions and the OCCA's summary dismissal of Mr. Glossip's petition. See* Scott v. Franklin*, 122 Fed.Appx. 980, 983 n.2 (10th Cir. 2005) (unpublished) ("Under Rule 3.14(B), a petition for rehearing may only be filed for the following alleged appellate errors: 1) the Oklahoma Court of Criminal Appeals overlooked some question decisive of the case and duly submitted by the attorney of record, or 2) the decision is in conflict with an express statute or controlling decision to which the attention of the Oklahoma Court of Criminal Appeals was not called, either in the brief or in oral argument. In this case, it is clear the Oklahoma Court of Criminal Appeals summarily denied Mr. Scott's petition for rehearing because*

U.S. at 364-66 (evidentiary error asserted on direct appeal as "'miscarriage of justice' under the California Constitution" did not alert state court to the fact that the petitioner was also asserting a claim under the United States Constitution).

Finally, while the OCCA's discussion of the merits of the claim was brief,[10] the language used is consistent with a harmless error analysis.

> In viewing the entire record, we cannot say that the posters affected the outcome of this trial. Both sides utilized the poster tactic during trial, although, the State seemed to utilize more posters than the defense. There is no argument that the posters did not contain factual information, and they were utilized to assist the jury in understanding the testimony, considering the trial court's instructions against note-taking. Any error in the utilization of these posters was harmless.

Glossip II, 157 P.3d at 156. *See* Chapman v. California, 386 U.S. 18 (1967) (to be held harmless, a federal constitutional error must be harmless beyond a reasonable doubt); Duncan, 513 U.S. at 366 ("The California Court of Appeal analyzed the evidentiary error by asking whether its prejudicial effect outweighed its probative value, not whether it was so inflammatory as to prevent a fair trial.");[11] Berg v. Foster, 244 Fed.Appx. 239, 245 (10th Cir. 2007) (unpublished) ("Rather it is evident from the appellate brief itself, as well as from the opinion issued by the Colorado Court of Appeals, that Berg's [federal] claims relating to the validity of his plea were fairly presented in his appeal."); *see generally* Dye v. Hofbauer, 546

---

*the errors he raised therein had nothing to do with appellate court error.").*

[10]*The OCCA focused principally on the trial court's refusal to allow "defense counsel to preserve the 'demonstrative exhibits' for future appellate review." Glossip II, 157 P.3d at 155.*

[11]*Consideration of the OCCA's treatment of other claims further supports the conclusion that the court did not analyze petitioner's poster claim only in terms of state law.*

U.S. 1, 3 (2005) ("It is too obvious to merit extended discussion that whether the exhaustion requirement ... has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court....") (internal quotation omitted)).

Accordingly, as the court has determined petitioner presented his claim to the OCCA, respondent's exhaustion challenge to Ground III of the habeas petition fails.

**Discovery**

Respondent also argues in his response to petitioner's discovery motion that the existing record is adequate to adjudicate petitioner's due process claim and that petitioner's challenge to the prosecutor's use of the exhibits lacks a substantial federal constitutional basis.[12] "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides that " [a] judge may, "for good cause, authorize a party to conduct discovery." "'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). The court concludes petitioner has made the requisite showing here.

---

[12]This argument is essentially a reiteration of respondent's contention that the claim was not exhausted.

7

The court also concludes the existing record is not sufficient to consider petitioner's due process claim. As the dissent in Glossip II noted, "[t]he current record is not complete about what was written on the demonstrative exhibits; everything that was written down on these exhibits was not memorialized by being read into the record; and the transcripts alone are not adequate for a fair review of the current claim on appeal." Glossip II, 157 P.3d at 169 (Chapel, J., dissenting).

Accordingly, petitioner's motion for discovery [Doc. #27], which requests the production of the posters, is **GRANTED**. Respondent is directed to produce the posters for inspection and copying within **fifteen (15) days**.

**IT IS SO ORDERED**.

Dated this 26th day of May, 2010.

JOE HEATON
UNITED STATES DISTRICT JUDGE