# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GLOSSIP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIV-08-326-HE |
| | ) | |
| RANDALL WORKMAN, Warden, | ) | |
| Oklahoma State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## PETITIONER'S SUPPLEMENTAL BRIEF ON GROUND III

_____

August 19, 2010

_____

**MARK HENRICKSEN, OBA # 4102**
**LANITA HENRICKSEN, OBA# 15016**
HENRICKSEN & HENRICKSEN
LAWYERS, INC.
600 North Walker, Suite 220
Oklahoma City, Oklahoma 73102-3035
        (405) 609-1970
        (405) 609-1973 (Facsimile)
mark.henricksen@coxinet.net
henricksen.lanita@coxinet.net

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..........................................................................  ii

SUPPLEMENTAL BRIEF ..........................................................................   1

CONCLUSION...........................................................................................   4

CERTIFICATE OF SERVICE.....................................................................   5

i.

# TABLE OF AUTHORITIES

<u>Page</u>

**SUPREME COURT CASES**

*Brown v. Louisiana*, 447 U.S. 323 (1980)............................................ 2

*Perry v. Leeke*, 488 U.S. 272 (1989)................................................... 2

*Williams v. Florida*, 399 U.S. 78(1970)**................................................** 2

**FEDERAL CASES**

*Fox v. Ward*, 200 F.3d 1286 (10th Cir. 2000)...................................... 1

*United States v. Greschner*, 802 F.2d 373 (10th Cir. 1986).................. 3

*United States v. Johnston*, 587 F.2d 1352 (10th 1978)......................... 2

**STATE CASES**

*Harris v. State,* 13 P.3d 489 (Okl. Cr. 2000)........................................ 3

*Kovash v. State*, 519 P.2d 517 (Okl. Cr. 1974)..................................... 2

**STATUTES**

Okla. Stat. tit. 22, § 834 ....................................................................... 2

IN THE DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARD GLOSSIP,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. CIV-08-326-HE** |
| | ) | |
| **RANDALL WORKMAN, Warden,** | ) | |
| **Oklahoma State Penitentiary,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PETITIONER'S SUPPLEMENTAL BRIEF ON GROUND III**
_____

COMES NOW the Petitioner Richard Glossip and pursuant to the Order of August 12, 2010, (Doc. 57) submits his supplemental brief on Ground III of his Petition for Writ of Habeas Corpus.

Ground III of Petitioner's Petition For a Writ of Habeas Corpus concerns a claim that posters prepared and displayed by the Prosecutors during both stages of his trial, and allowed by the trial court over defense objections, resulted in the denial of "the fundamental fairness that is the essence of due process." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000). Review of the posters produced by Respondent subsequent to the filing of Petitioner's Petition For a Writ of Habeas Corpus, reveals that the posters were numerous, large, boldly written, carefully crafted by the prosecutors with selective testimony beneficial to the prosecution, all to ensure a determination of guilt, and were highly prejudicial to

1

Petitioner in both stages of his trial.

A.      The posters clearly show that the prosecutors usurped the role of the jury by determining what facts were critical in reaching a verdict of guilty, which is unquestionably the role of the jury. *Kovash v. State*, 519 P.2d 517 (Okl. Cr. 1974); Okla. Stat. tit. 22, § 834 ("questions of fact are to be decided by the jury").   Not only did the prosecutors determine the facts necessary to arrive at a conviction, the prosecutor also provided a summary outline setting forth Petitioner's intent to commit murder.[1] The Sixth and Fourteenth Amendments guarantee the right to trial by jury, "a body of one's peers", and affords protection against "the possibility of governmental oppression." *Brown v. Louisiana*, 447 U.S. 323, 330 (1980).  The conduct of the prosecutors thwarted the purpose and  essential feature of Petitioner's jury which "lies in the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence." *Id*. (citing *Williams v. Florida*, 399 U.S. 78, 100 (1970).

B.      The rule of sequestration is a rule that serves the "truth-seeking function of the trial". *Perry v. Leeke*, 488 U.S. 272, 282 (1989).   It is not enough that witnesses be excluded from the courtroom, but they also must refrain from relating "to other witnesses what their testimony has been and what occurred in the courtroom."   *United States v. Johnston*, 587 F.2d 1352, 1355 (10th 1978).   "The exclusion of witnesses during trial is a time-honored

---

[1]Poster described as State's Aid used in opening and closing arguments, 6/3/04.

2

practice designed to prevent the shaping of testimony by hearing what other witnesses say."
*Id*.

The Court in *United States v. Greschner*, 802 F.2d 373, 376 (10th Cir. 1986) explained that "a circumvention of the rule does occur where witnesses *indirectly* defeat its purpose by discussing testimony they have given and events in the courtroom with other witnesses who are to testify." The circumvention in Petitioner's case was effected by the prosecutors who circumvented the rule of sequestration by supplying and emphasizing testimony of witnesses on the posters. *Id*.

In *United Sates v. Greschner,* the Court found reversal was not warranted for the reason that there was no showing of probable prejudice or an abuse of discretion as a predicate for reversal, but that the defendants had "done nothing more than speculate about the possibility of conversations between the witnesses." *Id*. at 376. Here, however, the substantial number of posters containing a substantial amount of witness'es testimony displayed for all to see is unquestionable.

C.      The posters have been labeled as "aids" by the prosecutor.[2]   But, the use of these posters in Petitioner's case was improper and prejudicial to Petitioner.   No reason exists, other than to influence the jurors, for the carefully selected portions of testimony to be displayed to the jurors, who alone are supposed to be the finders of fact and determiners of guilt. "*Experts* regularly rely on illustrative aids so that the jury may better understand their

---

[2]The produced posters indicate at the bottom, initialed by the prosecutor, that the posters are "aids".

3

testimony."     *Harris v. State,* 13 P.3d 489, 493 (Okl. Cr. 2000). (Emphasis added)  In analyzing whether the expert's use of illustrative aids in *Harris* was proper, the Oklahoma Court of Criminal Appeals noted that crime scene reenactments "intended only to illustrate hypothetical situations" were inappropriate, but stated "these cases do not deal with situations where relevant evidence supports a *scientific or technical hypothesis* which is illustrated by the posed reenactment." *Id*. (Emphasis added)   It is clear that aids are proper to help understand confusing testimony of experts.  *Harris v. State*, 13 P.3d at 496.   The Court set forth a rule to be used in regards to aids "to illustrate an *experts* (sic) witness' testimony".  *Id*. at 495.  (Emphasis added).  There was no expert testimony which needed to be explained to Petitioner's jury and the only beneficiaries  of the display of testimony of the witnesses was  the prosecutors.

Because the posters were unavailable for review by the Oklahoma Court of Criminal Appeals, no deference is warranted to the decision of the Oklahoma Court of Criminal Appeals.

## CONCLUSION

The use of the highly prejudicial posters denied Petitioner of his constitutionally protected rights to due process and trial by jury.

Respectfully submitted,

s/Mark Henricksen
HENRICKSEN & HENRICKSEN
LAWYERS, INC.
600 North Walker, Suite 220

Oklahoma City, Oklahoma 73102-3035
(405) 609-1970
(405) 609-1973 (Facsimile)
mark.henricksen@coxinet.net

**<ins>CERTIFICATE OF SERVICE</ins>**

I certify that on the 19th day of August, 2010, I electronically transmitted the attached document to the Clerk of this Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Seth Branham
Assistant Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921 (Voice)
(405) 522-4534 (Fax)
Attorney for Respondent
e-mail:   fhc.docket@oag.state.ok.us

s/Mark Henricksen
Mark Henricksen

5