# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD GLOSSIP,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-08-326-HE |
| | ) |
| **RANDALL WORKMAN, Warden,** | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
| Respondent. | ) |

## SUPPLEMENTAL BRIEF OF RESPONDENT ON GROUND III

In his *Supplemental Brief on Ground III* (Doc. 58), filed with this Court on August 19, 2010, Petitioner basically re-urges the same complaints about the State's demonstrative exhibits originally set forth in his § 2254 petition. For purposes of appeal, Respondent maintains the exhaustion and procedural bar defenses previously tendered in connection with this ground for relief. The State does not waive those defenses. *See* Doc. 32; Doc. 43 at 33-37. Respondent submits that the posters show the innocuous nature of the demonstrative aids at issue here. The majority of the State's demonstrative aids were made during witness testimony and accurately summarize testimony taken from various prosecution witnesses at trial. These posters reflect various inconsistent and incriminating statements made by Petitioner relating to the murder.

Respondent has obtained an affidavit from Connie Smothermon, the lead trial prosecutor. *See* Exhibit 1 (attached). She explains that the demonstrative aids were out of the sight of the witnesses during their testimony. Where a poster contained notes from the

testimony of a previous witness, that portion of the poster was covered up so the witness could not see what had previously been said. Petitioner previously cited Kenneth Van Treese's testimony at transcript volume XI, page 127 as proof the posters were within full view of each witness, thus violating the rule of sequestration. This ignores, however, that Mr. Van Treese was excluded from the rule of sequestration at trial (except during Donna Van Treese's testimony) (Tr. IV 25-27). He therefore would have been privy to information from the posters before ever taking the witness stand. Further, the posters were taped to the side of the prosecutor's counsel table facing the jury. This was done in a manner so they were not visible from the witness stand. Petitioner's theory that the rule of sequestration was violated therefore lacks merit.

Smothermon also states that the prosecution's posters were not collectively displayed throughout the courtroom for the duration of the trial. Rather, when the posters were taped to the side of counsel table, not all were actually visible to the jury at the same time because of space limitations, i.e., several of the posters were taped over one another. Some were taped to the back of a large chalk or marker board in the courtroom and the easel board with the paper itself was situated so it was kept out of the view of witnesses. This is not a situation where the courtroom was awash in these posters as portrayed by the defense. This fact further minimizes any possible prejudicial effect from the State's use of the posters.

Petitioner's criticism that "the prosecutor provided a summary outline setting forth Petitioner's intent to commit murder", Doc. 58 at 2, ignores that this poster was used during opening and closing arguments and was not displayed during the evidence portion of the

trial. Again, this minimizes any possible prejudice considering that the jury was informed that the argument of counsel was not evidence (Tr. III 192). Petitioner suggests there was no legitimate reason for the prosecutor to use the posters. Doc. 58 at 3. Actually, there is at least one very legitimate reason. Had Petitioner testified, the prosecutors could use the posters to confront him with his numerous inconsistent statements. See Exhibit 1 at ¶ 10, poster #5 (noting that demonstrative exhibit consisting of two posters taped together were arranged that way for the purpose of cross-examination of Petitioner which never took place because he did not testify). Nor is it enough for Petitioner to say that demonstrative exhibits of this sort are only appropriate for use with expert witnesses. Doc. 58 at 3-4. No such rule has been promulgated by the Supreme Court. More significantly, habeas review is not an opportunity for federal courts to conduct supervisory review of a state trial judge's discretionary acts. As the State noted in its previous response, "the ability of an appellate court to overturn discretionary rulings on direct review is severely constrained. It is even more attenuated on habeas review." *Miller v. Mullin*, 354 F.3d 1288, 1296 (10th Cir. 2004). Judging from the authority cited in his supplemental brief, Petitioner ignores the limits of review for this claim on habeas.

Respondent incorporates by reference his previous arguments from the State's original response to Ground III. Doc. 43 at 37-46. Petitioner urges that use of the posters by the prosecution represents constitutional error. Yet, as the State previously asserted, he cannot satisfy the harmless error test set forth in *Fry v. Pliler*, 551 U.S. 112 (2007). His suggestion that he was denied a fundamentally fair trial in violation of due process likewise falls flat.

The State's demonstrative aids were based on accurate testimony reflected in the record and the defense itself utilized the posters during presentation of its case. Petitioner fails to show any valid basis for habeas relief. The strong evidence supporting Petitioner's conviction and death sentence for Barry Van Treese's murder, not any error stemming from use of the posters, was responsible for the verdicts here. *See* Doc. 43 at 14-22. The prosecutor did not "usurp the role of the jury" as Petitioner urges. Doc. 58 at 2.

Finally, for the Court's convenience, the State sets forth the page numbers from the transcript where it appears each poster involving witness testimony was created by the prosecution. Respondent will use the numbering system and descriptive identifiers used in Mrs. Smothermon's affidavit to accomplish this task: poster #3 (Tr. IX 212, 216-17, 219, 233-34, 235, 236); #4 (Tr. IX 233-34; Tr. XI 183-85, 189, 192); #5 (Tr. IV 99-101; Tr. V 85-86, 97-98, 100-105; Tr. IX 206-08, 209, 211); #6 (Tr. VIII 116-17, 122-24; Tr. IX 46-48); #7 (Tr. IX 50, 53-56, 120-21); #8 (Tr. VI 35-37; Tr. VII 17-18, 59-60); #9 (Tr. VII 63, 66); #10 (Tr. VIII 89-91, 105), #11 (Tr. XII 86-91).

Respectfully submitted,

**W.A. DREW EDMONDSON**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ SETH S. BRANHAM**
**SETH S. BRANHAM, OBA #18019**
**ASSISTANT ATTORNEY GENERAL**

313 N.E. 21st Street
Oklahoma City, OK  73105
(405) 521-3921 (Voice)
(405) 522-4534 (Fax)

**ATTORNEYS FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

On this 24th day of August, 2010, I certify that a true and correct copy of the foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Henricksen
Lanita Henricksen
e-mail:    mark.henricksen@coxinet.net
           henricksen.lanita@coxinet.net


                                s/ SETH S. BRANHAM