**IN THE DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RICHARD GLOSSIP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-08-326-HE |
| | ) | |
| RANDALL WORKMAN, Warden, | ) | |
| Oklahoma State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S OBJECTION TO RESPONDENT'S MOTION
TO EXPAND THE RECORD**

_____

Petitioner objects to an expansion of the record to include the Affidavit of Connie Smothermon, one of the prosecutors at the trial of Petitioner, which was attached as Exhibit 1 to the *Supplemental Brief of Respondent on Ground III.* (Docs. 59 and 60).[1]

The Respondent claims that "the demonstrative aids were out of the sight of the witnesess during their testimony." (Doc. 59, at 1)  The Affidavit of Connie Smothermon states that "[t]he State's demonstrative aids were not visible by any other witnesses other than the witness testifying at the time the demonstrative aid was being made." (Doc. 59, Exhibit 1).

---

[1] Petitioner makes reference to the *Supplemental Brief of Respondent on Ground III* because the Affidavit of Connie Smothermon was referenced in Respondent's supplemental brief.

1

Petitioner denies the correctness of this statement and objects to Respondent's request to expand the record with the Affidavit. (Docs. 60 and 59 at Exhibit 1). Defense counsel expressly requested on the record that if the defense was not allowed the request to make the posters a part of the record, that alternatively they be allowed to photograph them:

> "MR. WOODYARD: We think the better way *to show actually how these sit in the courtroom* and exactly what's written would be to either have the documents or the digital photograph, so we're making that request . . ."

Tr. 15, pg. 37. (Emphasis added)   The prosecutor argued that the record was complete without the posters or photographs of the posters, and the trial court denied the request of the defense to include either the posters or the photographs in the record.   *Id*. at 36. Defense counsel even requested, alternatively,  to  photograph the posters for their own purposes and stated "if these are destroyed after the case, then if someone down the road asked us to reproduce that, we can't do that", but the trial court denied the request. (Tr. 15, pg. 36-37).  Now, however, the same prosecutor who successfully objected to means of ensuring that the positions of the posters were preserved for review, desires to cure the error by simply stating that no witnesses could see posters containing notes made during the testimony of other witnesses.    Since the record has now been expanded to include the posters, this Court can now see what was written on the posters. However, the Court is still unable to see how the posters were positioned in order to determine whether witnesses could have seen the posters. Expansion of the record to allow Ms. Smothermon's Affidavit should not be allowed.   Rather, an evidentiary hearing should be granted in order to allow a

demonstration showing the placement of the posters so that this Court may determine whether the posters were positioned such as to allow a witness or witnesses to view the posters.

Should this Court allow expansion of the record to include the Affidavit of Ms. Smothermon, Petitioner requests expansion of the record to include the Affidavits attached hereto contravening the prosecutor's statement that the posters were not visible by any other witnesses other than the witness testifying at the time the demonstrative aid was being made. Exhibit 1 attached hereto is the Affidavit of trial counsel, Wayne Woodyard, stating that the posters "were positioned in a way that I believe it was possible that some witnesses could see at least some of the posters from the witness stand." Exhibit 2 is the Affidavit of Steve Leedy, the investigator employed by the Oklahoma Indigent Defense System who worked on Petitioner's case and was present in the courtroom during Petitioner's trial. Mr. Leedy likewise states that the posters were positioned in a way that he believes it was possible that some witnesses could see at least some of the posters from the witness stand. An evidentiary hearing should be granted so that this Court may determine whether the posters were positioned such as to allow a witness to view the posters.

Respondent states that because Kenneth Van Treese was excluded from the rule of sequestration he was, therefore, privy to information from the posters before ever taking the witness stand. (Doc. 59, pg. 2) Respondent argues that this discredits Petitioner's claim that the posters containing testimony from witnesses were visible to other witnesses. (*Id.*)

However, the examination of Kenneth Van Treese and his testimony certainly suggests that the posters were visible to him:

"Q. Did he say anything to you about Barry's disappearance on that day?

A. Yes, ma'am. He told me the same thing that these notes up here are about. About having seen Barry at 7:00 , you know, blah, blah, and so forth.

Q. All right. *Nothing different than what we have*?

A. No, ma'am."

(Tr. 11 at 126-127). If Mr. Van Treese was not able to see "what we have" he would not be able to testify that there was nothing different from the information on the posters. If the posters were visible to him then they obviously were visible to other witnesses.

Even if no witness had been able to see any of the posters, which Petitioner disputes, they were also displayed before the jury, causing prejudice to Petitioner warranting a new trial. The Respondent admits that the jury was able to see the posters: "the posters were taped to the side of the prosecutor's counsel table facing the jury" and that "not all were actually visible to the jury at the same time." (Doc. 59, pg. 2).

Respondent also argues that "there is at least one very legitimate reason" for the prosecutor's use of the posters: "[h]ad Petitioner testified, the prosecutors could use the posters to confront him with his numerous inconsistent statements." (Doc 59, pg 3, citing Ms. Smothermon's Affidavit at paragraph 10[2], poster #5). If the posters had actually been prepared for this purpose there would have been no reason to display the posters to the jury.

---

[2]It appears that reference is actually to paragraph 11, poster #5, rather than paragraph 10.

## CONCLUSION

Respondent's motion to expand the record to include the Affidavit of Connie Smothermon should be denied, and an evidentiary hearing on this issue should be granted.

    Respectfully submitted,

    s/Mark Henricksen
    MARK HENRICKSEN, OBA #4102
    HENRICKSEN & HENRICKSEN
    LAWYERS, INC.
    600 North Walker, Suite 220
    Oklahoma City, Oklahoma 73102-3035
    (405) 609-1970
    (405) 609-1973 (Facsimile)
    mark.henricksen@coxinet.net

## CERTIFICATE OF SERVICE

I certify that on the 19th day of August, 2010, I electronically transmitted the attached document to the Clerk of this Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Seth Branham
Assistant Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 521-3921 (Voice)
(405) 522-4534 (Fax)
Attorney for Respondent
e-mail: fhc.docket@oag.state.ok.us

    s/Mark Henricksen
    Mark Henricksen

5