**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RICHARD GLOSSIP, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO.  CIV-08-0326-HE |
| | ) | |
| MARTY SIRMONS, Warden, Oklahoma State Penitentiary, | ) ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Richard Glossip was convicted in Oklahoma state court of first degree murder and sentenced to death. He filed a petition for a writ of habeas corpus asserting thirteen grounds for relief.  Having denied the petition, the court grants petitioner  a certificate of appealability ("COA) on a subpart of ground one, ground three, ground four, a subpart of ground five, and ground six.

An applicant is entitled to a COA only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The State's case against petitioner hinged on the testimony of one witness, Justin Sneed, petitioner's accomplice, who received a life sentence in exchange for his testimony. Unlike many cases in which the death penalty has been imposed, the evidence of petitioner's

guilt was not overwhelming.  Under these circumstances, jurists of reason could debate the reasonableness of this court's rejection of petitioner's challenge to the Oklahoma Court of Criminal Appeals' factual determinations and this court's conclusion that the evidence was sufficient to support the first degree murder conviction and the murder for remuneration aggravator (grounds one and six).[1]  Due to the more limited evidence presented in this case, reasonable jurists also could question the court's rejection of the prosecutor's comments during both stages of the trial (ground four).  Therefore, a COA is warranted on the specified issues asserted in ground one of the habeas petition and on grounds four and six.

Ground three, based on the continual display of posters in the courtroom, presented an issue as to which there was no clear precedent.  The court finds petitioner's due process claim "adequate to deserve encouragement to proceed further.  Slack, 529 U.S. at 484 (internal quotation omitted).  Therefore, a COA is warranted on ground three.

Defense counsel's failure to introduce the videotape of the interrogation of Sneed was a principal reason for the reversal of petitioner's first conviction.  Although this court found that defense counsel were not constitutionally ineffective for failing to impeach Sneed and detectives Bemo and Cook with the video during petitioner's second trial, reasonable jurists could disagree with that conclusion.  Therefore, a COA is warranted on ground five, insofar as it is based on the videotape and insofar as it is based on counsel's failure to object to the

---

[1] *Petitioner is not, though, entitled to a COA on his claims that the evidence was insufficient because it did not independently corroborate the accomplice's testimony and that the jury instruction regarding the required corroboration was wrong.  Those claims present issues of state, not constitutional, law.*

prosecutorial misconduct alleged in ground four.[2]

The court concludes petitioner has not made the requisite showing with respect to the remaining grounds for relief (two, seven through thirteen and the other subparts of one and five). Accordingly, the court grants petitioner a certificate of appealability as to the specified subpart of ground one, ground three, ground four, the specified subpart of ground five, and ground six and denies a certificate of appealability as to the remaining grounds or parts of grounds for relief.

**IT IS SO ORDERED**.

Dated this 29th day of September, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*The court does not find reasonable jurists would consider its rejection of the other alleged instances of ineffectiveness of counsel – defense counsel's failure to impeach witnesses with documents pertaining to shortages at the Tulsa Best Budget Inn and room occupancy rates, and failure to object to asserted prejudicial testimony – to be debatable or wrong.*