FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

May 31, 2011

Elisabeth A. Shumaker
Clerk of Court

---

RICHARD GLOSSIP,

    Petitioner - Appellant,

v.

RANDALL G. WORKMAN, Warden, Oklahoma State Penitentiary,

    Respondent - Appellee.

No. 10-6244
(D.C. No. 5:08-CV-00326-HE)
(W.D. Okla.)

---

**ORDER**

---

Before **PORFILIO,** Senior Circuit Judge.

---

    Volume 7, Part A, Chapter 6, § 680 of the *Criminal Justice Act Guidelines* (revised May 5, 2011) includes relatively new provisions governing clemency proceedings in capital cases. The following provision has particular application to this proceeding:

> All attorney compensation (*Form CJA 30 (Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel)*) and investigative, expert, or other services vouchers (*Form CJA 31 (Death Penalty Proceedings: Ex Parte Request for Authorization and Voucher for Expert and Other Services*) pertaining to the clemency representation should be submitted to the district court, regardless of whether the habeas corpus case is on appeal at the time.

§ 680.20.20.

    Compliance with this *CJA Guideline* requires the submission of all clemency

related vouchers in capital cases to the appropriate district court even where, as here, a capital habeas appeal is pending in a circuit court.

Nevertheless, prior to the adoption of this *Guideline*, this court issued an *ex parte* budget order in connection with this appeal. That order established an appellate budget and also preliminarily authorized certain clemency related expenditures, some of which may have already been incurred. In order to effectuate the new *Guideline* but at the same time provide for an orderly transition of duties regarding the management of clemency related expenditure of public funds, the court directs as follows.

This court will continue to receive clemency related vouchers within the scope of the preliminarily approved budget until July 29, 2011. These vouchers will be processed in accordance with this court's standard practices regarding interim and/or final payment. After that date, any clemency related vouchers for either expenses or attorney time, regardless of when incurred, shall be submitted to the district court as provided in *CJA Guideline* § 680.20.20.

The incurrence of certain clemency related expenses was only preliminarily approved in this court's budget order, subject to later final review. Similarly, although the clemency budget previously approved by this court may provide guidance to the district court in determining the propriety of any clemency related vouchers that may ultimately be submitted to that court, the district court shall make its own determination as to the reasonableness of any clemency related expenses. This approach is consistent

2

with another new section of the *CJA Guidelines* which encourages the establishment of initial clemency budgets, but expressly states that such budgets are "subject to modification in light of facts and developments that emerge as the case proceeds." *CJA Guideline* § 680.30(a).

The parties and district court may wish to consider whether a new budget conference limited to clemency related issues is warranted in light of *CJA Guideline* § 680.

This court expressly invests jurisdiction in the district court for the limited purpose of administering clemency related matters as provided in *CJA Guideline* § 680 and this order. This court retains appellate jurisdiction as otherwise provided under applicable jurisdictional law, including the administration of non-clemency related matters in the appellate litigation budget.

The clerk shall transmit a copy of this order to the U.S. District Court for the Western District of Oklahoma for filing in the underlying case, and to the Hon. Joe Heaton.

                                        Entered for the Court
                                        ELISABETH A. SHUMAKER
                                        Clerk of Court

by:
                                        Douglas E. Cressler
                                        Chief Deputy Clerk